UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, Individually and as the | § | |
| surviving father of BOTHAM SHEM JEAN, | § | |
| ALLISON A. JEAN, Individually and as the | § | |
| surviving mother of BOTHAM SHEM JEAN, | § | |
| and ALLISA E. FINDLEY as the | § | |
| Administrator of the Estate of | § | CIVIL ACTION NO. |
| BOTHAM SHEM JEAN, | § | |
| Plaintiffs, | § | 3:18-CV-2862-M |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF DALLAS, TEXAS, | § | |
| and AMBER GUYGER, | § | |
| Defendants. | § | |

**THE DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6) TO DISMISS THE PLAINTIFFS' CLAIMS ALLEGED AGAINST IT IN THE PLAINTIFFS' ORIGINAL COMPLAINT, AND BRIEF IN SUPPORT**

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

Jason G. Schuette
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Amy I. Messer
Senior Assistant City Attorney
Texas State Bar No. 00790705
amy.messer@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas  75201
Telephone:     214-670-3519
Telecopier:    214-670-0622

ATTORNEYS FOR THE DEFENDANT
CITY OF DALLAS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

I.      SUMMARY OF THE MOTION ..........................................................................1

II.     BRIEF FACTUAL SUMMARY AND PROCEDURAL HISTORY ................................1

III.    ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL....................................3

        A.      Applicable legal standards for Rule 12(b)(6) motions..............................3

                1.      The standard for dismissal under Rule 12(b)(6):  does the
                        complaint state a valid claim for relief?.......................................3

                2.      A complaint must state sufficient non-conclusory facts to
                        permit the reasonable inference that the defendant is liable. .......4

        B.      The Plaintiffs' Complaint fails to plead a plausible claim for relief
                against the City under 42 U.S.C. § 1983....................................................6

                1.      Municipal liability under § 1983.................................................6

                2.      The Plaintiffs allege that Chief of Police Renee Hall is the
                        City's final policymaker for the DPD. ........................................8

                3.      The Plaintiffs' § 1983 claim against the City must be dismissed
                        because the Plaintiffs fail to sufficiently plead the existence of
                        an offending City custom having the force of official City
                        policy.....................................................................................9

                4.      The Plaintiffs' § 1983 claim against the City must be dismissed
                        because the Plaintiffs fail to sufficiently plead facts that permit
                        an inference of deliberate indifference by the DPD's final
                        policymaker.............................................................................14

                5.      The Plaintiffs' § 1983 claim against the City must be dismissed
                        because the Plaintiffs fail to sufficiently plead facts that permit
                        a reasonable inference of legal causation....................................16

                6.      The Court should grant this motion because the Plaintiffs'
                        Complaint fails to plead sufficient nonconclusory facts to
                        support any element of § 1983 municipal liability. ...................19

IV.     CONCLUSION...............................................................................................19

CERTIFICATE OF SERVICE ...................................................................................21

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    ii

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 4, 5, 7, 13

*Bd. of Comm'rs v. Brown*,
   520 U.S. 397 (1997) ........................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................... 4, 5, 7

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir. 1984) ........................................................................ 6, 10

*Bonin v. Gee*,
   No. CIV.A. 14-00771-SDD, 2015 WL 3682609 (M.D. La. June 12, 2015) ......... 15

*Campbell v. City of San Antonio*,
   43 F.3d 973 (5th Cir. 1995) .............................................................................. 19

*City of Canton v. Harris*,
   489 U.S. 378 (1989) ................................................................................... 7, 8, 13

*Conley v. Gibson*,
   355 U.S. 41 (1957) .............................................................................................. 4

*Cooperwood v. City of Kensett*,
   No. 4:05CV00902 JLH, 2006 WL 3735977 (E.D. Ark. Dec. 15, 2006) .............. 12

*Deville v. Marcantel*,
   567 F.3d 156 (5th Cir. 2009) .............................................................................. 8

*Doerr v. Sisson*,
   563 F. App'x 291 (5th Cir. 2014) ...................................................................... 17

*Doerr v. Sisson*,
   No. 1:09-CV-00199-GHD, 2013 WL 3340487 (N.D. Miss. July 2, 2013) ........... 17

*E.G. v. Bond*,
   No. 1:16-CV-068-C, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) .............. 9, 10, 11

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
   406 F.3d 375 (5th Cir. 2005) .......................................................................... 7, 14

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    iii

*Fernandez-Montes v. Allied Pilots Ass'n*,
 987 F.2d 278 (5th Cir. 1993) ............................................................... 4

*Fraire v. City of Arlington*,
 957 F.2d 1268 (5th Cir. 1992) ....................................................... 17, 18

*Grandstaff v. City of Borger*,
 767 F.2d 161 (5th Cir. 1985) ............................................................. 13

*Hare v. City of Corinth*,
 74 F.3d 633 (5th Cir. 1996) ............................................................... 14

*Hartzog v. Hackett*,
 711 F. App'x 235 (5th Cir. 2018) ...................................................... 14

*In re Katrina Canal Breaches Litig.*,
 495 F.3d 191 (5th Cir. 2007) ............................................................... 3

*Jackson v. Procunier*,
 789 F.2d 307 (5th Cir. 1986) ............................................................... 3

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
 677 F.2d 1045 (5th Cir. 1982) ............................................................. 3

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
 369 F.3d 464 (5th Cir. 2004) ............................................................... 3

*Monell v. Dep't of Soc. Servs.*,
 436 U.S. 658 (1978) ........................................................................... 7

*Morin v. Caire*,
 77 F.3d 116 (5th Cir. 1996) ................................................................. 3

*Mosser v. Haney*,
 No. CIV.A.3:03CV2260-B, 2005 WL 1421440 (N.D. Tex. June 17, 2005) ........................ 12

*Peterson v. City of Fort Worth*,
 588 F.3d 838 (5th Cir. 2009) ............................................................... 9

*Piotrowski v. City of Houston*,
 237 F.3d 567, 568 (5th Cir. 2001) ........................................................ 6

*Roberts v. City of Shreveport*,
 397 F.3d 287 (5th Cir. 2005) ............................................................. 11

*Shipley v. Fincher*,
 No. CIV.A. 6:04-CV-059-C, 2004 WL 2599350 (N.D. Tex. Nov. 12, 2004) ...................... 13

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                                iv

*Smith v. Brenoettsy,*
  158 F.3d 908 (5th Cir. 1998) ............................................................................. 7

*Tennessee v. Garner,*
  471 U.S. 1 (1985) ............................................................................................ 12

*Thompson v. Upshur County,*
  245 F.3d 447 (5th Cir. 2001) ........................................................................... 14

*Webster v. City of Houston,*
  735 F.2d 838 (5th Cir. 1984) ..................................................................... 6, 9, 12

*Whitley v. Ariaz,*
  No. 6:08-CV-085-C, 2009 WL 10705391 (N.D. Tex. Mar. 25, 2009).................................. 19

**RULES**

Fed. R. Civ. P. 1 .................................................................................................. 4

Fed. R. Civ. P. 12(b)(6)..................................................................................... 1, 3

Fed. R. Civ. P. 8(a)(2)......................................................................................... 5

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    v

TO THE HONORABLE COURT:

The Defendant City of Dallas (the "City"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss the claims alleged against the City in the Plaintiffs' Original Complaint (ECF No. 1) (the "Complaint").

## I.    SUMMARY OF THE MOTION

The City is entitled to dismissal of the Plaintiffs' constitutional claims alleged pursuant to 42 U.S.C. § 1983 because the Plaintiffs fail to plead nonconclusory facts sufficient to state a plausible claim.  The Plaintiffs' well-pleaded factual allegations do not permit this Court to draw a reasonable inference that the City is liable for its police officer's alleged wrongdoing, and the Complaint omits allegations necessary to make plausible a municipal liability claim based upon alleged City customs pertaining to officer training or supervision.  The Complaint contains no facts that permit a reasonable inference that City of Dallas customs having the force of official City policy were the legal cause of a use of deadly force violative of the Fourth Amendment against Botham Shem Jean, or that the City's final policymakers for the Dallas Police Department were deliberately indifferent to a known or obvious risk that the City's alleged customs would result in any of the harms as alleged by the Plaintiffs.  As such, the Plaintiffs' allegations as to the City are bare conclusory assertions of misconduct which are "merely consistent with" municipal liability, and are insufficient to support municipal § 1983 liability as a matter of law.

## II.    BRIEF FACTUAL SUMMARY AND PROCEDURAL HISTORY

The Plaintiffs allege[1] that on 6 September 2018, at about 9:30 p.m., the Defendant Amber Guyger ("Guyger"), a Dallas police officer, completed her shift at Dallas Police Department ("DPD") headquarters, located at 1400 Lamar Street, in Dallas.  (Complaint at 4-5 para.12.)

---

[1] The City does not agree with all of the Plaintiffs' factual allegations, but recites them in this motion to provide to the Court essential background information about the nature of the factual allegations upon which the Plaintiffs base their claims against the City.

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 1

Guyger then went just a few blocks away to the Southside Flats Apartment Complex (the "Southside"), located at 1210 Lamar Street, where she resided. (*Id.*) Guyger parked her car in the Complex's parking garage, and went to the residences area on the fourth floor. (*Id.* at 5 para. 13.) Within a few minutes, Guyger arrived at apartment number 1478, which was the residence of Botham Shem Jean ("Jean"). (*Id.*) Guyger either did not recognize or ignored several visual indicators that she was not at her own apartment, such as an illuminated apartment number and a distinctive bright red door mat in front of the door to Jean's apartment. (*Id.* paras. 13-14.) Guyger then inserted her key fob into Jean's door, which would have produced a chime different from the chime for her own door. (*Id.* para. 14.) Although the Complaint does not say that the door opened, the Plaintiffs plead that light from the hallway and from the interior of Jean's apartment would have provided to Guyger sufficient illumination to see the physical layout of Jean's apartment, and Jean himself. (*Id.* at 6 para. 14.) Guyger then entered Jean's apartment and discovered Jean seated on a sofa. (*Id.*)

The Plaintiffs allege that Guyger drew her service pistol and issued several verbal commands to Jean. (*Id.* para. 15.) Jean attempted to comply with Guyger's commands by rising slowly from his sofa, but Guyger nonetheless shot Jean, striking him in the chest. (*Id.*) Jean was not armed and did not present a deadly force threat. (*Id.*) Guyger did not render any medical assistance to Jean, and Guyger instead called 9-1-1 and her attorney. (*Id.* para. 16.) Jean was still alive when other DPD officers and paramedics arrived. (*Id.* para. 21.) Jean was transported by ambulance to a hospital, where he was treated, but he did not survive. (*Id.*) Guyger was not immediately arrested, and she participated in the post-shooting investigation before giving her statement to DPD investigators. (*Id.* at 7-8 para. 22.) The Plaintiffs allege that Guyger was acting as a police officer during the entire encounter. (*Id.* at 8 para. 23.)

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 2

The Plaintiffs filed suit on 26 October 2018.  (*See* Court's Docket.)  The Plaintiffs bring § 1983 claims against the City and against Guyger.  (Complaint at 1-2 para. 1.)  The Plaintiffs' § 1983 claims against the City arise under the Fourth Amendment, for alleged use of excessive force by Guyger in the course of seizing Jean.  (*Id.* at 4, 14-25 paras. 9, 53-86.)  The Plaintiffs plead that the City had a variety unspecified customs of constitutionally deficient police officer training and supervision, and a constitutionally deficient policy on the use of deadly force by DPD officers, which were the legal cause-in-fact of Guyger's misconduct.

### III.    ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL

**A.    Applicable legal standards for Rule 12(b)(6) motions**

> **1.    The standard for dismissal under Rule 12(b)(6):  does the complaint state a valid claim for relief?**

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings.  *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6).  First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, conclusory statements in a complaint are not to be accorded a presumption of truth.  *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a plausible claim for relief, and prompt dismissal pursuant to Rule

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 3

12(b)(6) is appropriate.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, the Supreme Court held in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true.  *Twombly*, 550 U.S.at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  In other words, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court set out in *Conley*, 355 U.S. at 45-46.  Rather, under *Twombly*, plaintiffs must "nudge their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  The facial plausibility standard applies to all of a plaintiff's claims.

> **2.**  **A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable.**

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, *Iqbal*, 556 U.S. at 684 (citing *Twombly*, 550 U.S. at 554), which "governs the pleading standard 'in all civil actions and proceedings in the United States district courts,'" *id.* (quoting Fed. R. Civ. P. 1)).  Therefore, *Twombly's* (and *Iqbal's*) requirements apply to the Plaintiffs' allegations against the City.

The legal foundation of this motion is set out in section IV-A of the opinion of the Court in *Iqbal*.  In summary, *Iqbal* held that the following standards shall apply when evaluating the sufficiency of *all* federal complaints:

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                                    Page 4

- The rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face. "A claim has facial plausibility when the Plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated that its decision in *Twombly* was supported by two principles, from which the foregoing standards were derived. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief.")). Thus, *Iqbal* directs that a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Such conclusions are not "well-pleaded" factual allegations, and do not plausibly give rise to an entitlement to relief. The City will demonstrate that the Complaint fails to meet the facial plausibility test with respect to the claims pleaded against the City.

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                Page 5

**B.**     **The Plaintiffs' Complaint fails to plead a plausible claim for relief against
the City under 42 U.S.C. § 1983.**

**1.**     **Municipal liability under § 1983**

A plethora of cases have expounded upon the standards for imposing liability on a
municipality under § 1983.  It is well-settled that a municipality cannot be liable under a theory
of *respondeat superior.  Piotrowski v. City of Houston*, 237 F.3d 567, 568, 578 (5th Cir. 2001)
(citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  Isolated unconstitutional actions
by municipal employees will almost never trigger municipal liability.  *Piotrowski*, 237 F.3d at
578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).  Rather, and as the
Fifth Circuit emphasized in *Piotrowski*, to hold the City liable under section 1983 a plaintiff must
establish that an "official policy" of the municipality—and not the policy of an individual city
official—was the "moving force" and actual cause of the loss of constitutional rights and any
resultant harm.  *Piotrowski*, 237 F.3d at 578.

The Fifth Circuit reiterated in *Piotrowski* that, while official policy "is ordinarily
contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a
*custom*, previously defined by the Fifth Circuit in *Webster v. City of Houston* as

> [A] persistent, widespread practice of City officials or employees, which,
> although not authorized by officially adopted and promulgated policy, is
> so common and well-settled as to constitute a custom that fairly represents
> municipal policy.

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.
1984)).

However, it is not sufficient that a plaintiff simply offer the raw assertion that there was a
custom having the force of municipal policy.  *Piotrowski* requires the Plaintiffs to specifically
identify the official policy (custom) that is alleged to have caused the constitutional harm:

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M               Page 6

> It follows that that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.

*Piotrowski*, 237 F.3d at 579-80.

Absent a facially unconstitutional policy or custom, municipal liability under section 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d at 579. Countless Fifth Circuit decisions have explained that deliberate indifference imposes a strict standard of fault. For example, in *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit stated that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted)). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Along similar lines, the Supreme Court held in *City of Canton v. Harris*, 489 U.S. 378 (1989), that a *Monell*[2] claim based upon a "policy" of inadequate police training requires proof of "deliberate indifference" to the rights of persons with whom the police will come into contact.

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that municipal governments are "persons" subject to liability under 42 U.S.C. § 1983).

*Canton*, 489 U.S. at 388. Likewise, a claim based upon a municipality's failure to supervise or discipline its police officers requires the same showing of a policymaker's deliberate indifference to the constitutional rights of citizens. *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009) (citing *Piotrowski*, 237 F.3d at 581). In order to plead a *Monell* claim based upon alleged City customs of deficient training and supervision, a plaintiff must plead *facts* supporting deliberate indifference by the City's final policymakers to a specific inadequacy in the City's training, supervision, or discipline of its officers. The Plaintiffs here have failed to plead such facts.

The Plaintiffs' Complaint fails to state a plausible § 1983 claim against the City because the Plaintiffs (1) fail to plead facts sufficient to support an inference of the existence of a persistent and widespread custom of the use of deadly force, custom of deficient DPD officer training, or custom of deficient DPD officer supervision, having the force of official City policy; (2) fail to plead facts sufficient to allow an inference of deliberate indifference by the City's final policymakers for the DPD of the foregoing alleged customs; and (3) fail to plead facts sufficient to support an inference of legal causation.

**2. The Plaintiffs allege that Chief of Police Renee Hall is the City's final policymaker for the DPD.**

The first of the three attribution principles for municipal liability under § 1983 is a final policymaker. *Piotrowski*, 237 F.3d at 578. As the Fifth Circuit stated pointedly in *Piotrowski*, "several Supreme Court cases have discussed the policymaker criterion for municipal liability." *Id.* at 579. Here, the Plaintiffs allege that the City's policymaker for the DPD is Chief of Police Renee Hall ("Chief Hall"). (Complaint at 2 para. 2) ("The Plaintiffs allege that Chief of Police Renee Hall ('Chief Hall'), the final policymaker for the Dallas Police Department . . . .").[3] Thus,

---

[3] The City does not agree that Chief of Police Hall is the final policymaker for the DPD. Rather, the City asserts that the Dallas City Council uniquely exercises policymaking authority. However, because the Plaintiffs plead that Chief Hall is that final policymaker, this motion treats the Plaintiffs' allegation as true.

the Plaintiffs must allege facts sufficient to allow the Court to infer that Chief Hall's actions, as the DPD's final policymaker, are legally sufficient to impose § 1983 liability upon the City.

### 3. The Plaintiffs' § 1983 claim against the City must be dismissed because the Plaintiffs fail to sufficiently plead the existence of an offending City custom having the force of official City policy.

The second of the three attribution principles for municipal liability under § 1983 is the existence of an official municipal policy. *Piotrowski*, 237 F.3d at 578. Here, the City will focus upon the Plaintiffs' failures to plead sufficiently those customs having the force of official City policy that the Plaintiffs posit were the legal cause of the constitutional deprivation alleged in the Complaint, specifically, Guyger's alleged unconstitutional use of deadly force against Jean.

Official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *E.G. v. Bond*, No. 1:16-CV-068-C, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017) (Cummings, J.) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotations omitted)). Here, the Complaint does not allege a facially unconstitutional policy, such as might be found in "duly promulgated policy statements, ordinances, or regulations." *See Webster*, 735 F.2d at 841 (defining official policy). That is, the Plaintiffs do not plead that Chief Hall promulgated a facially unconstitutional policy. (*See* Complaint.) Therefore, the Plaintiffs necessarily rely upon the second of the *Webster* definitions of official policy, "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster*, 735 F.2d at 841. As will be shown below, the informal policies the Plaintiffs attempt to allege fall into the general categories of failure to train, failure to supervise, or failure

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 9

to discipline, DPD officers.

As a matter of pleading sufficiency, a plaintiff must identify an actual municipal policy that led to the injuries as alleged. *Bond*, 2017 WL 129019, at *4 ("The Court agrees with the Magistrate Judge's opinion that the law requires Plaintiffs to identify an actual policy of the City that led to Plaintiffs' injuries") (citing *Bennett*, 728 F.2d at 767). The policy allegations in *Bond* were insufficient because "nothing in the Amended Complaint identifie[d] any actual training policy (or supervision or discipline policy) or practice of the City of Abilene that was defective or that was adopted with deliberate indifference." In *Bond*, this Court added that the plaintiffs

> must at least make some allegation relating to an identifiable training, supervision, and discipline policy or customary practice of the City that was constitutionally defective; simply alleging that the City generally failed to train, supervise, and discipline its [School Resource Officers] is insufficient to plead a § 1983 claim that is plausible on its face.

*Bond*, 2017 WL 129019, at *4. The Court's holding in *Bond* is, of course, consistent with Fifth Circuit precedent. *See Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997).

In light of the foregoing standards, the pleading of alleged City's policies and customs here clearly are facially deficient. The Plaintiffs plead the "kitchen sink" of generalized policies, but the allegations sift down to allegations that the DPD had a constitutionally deficient policy on the use of deadly force, and that officer training and supervision was likewise deficient. All told, the Plaintiffs' allegations are bare conclusions and vague allusions to DPD customs that are not described beyond broad categorizations. Such allegations are insufficient.

In Complaint paragraph 56, the Plaintiffs plead that "the City, the DPD, and Chief Hall failed to adequately train its officers on how to deal with individuals, specifically during what is perceived [as] an active crime scene and the subsequent use of deadly force as described above."

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 10

But, that allegation is insufficient because the Plaintiffs fail to plead specifically in what manner training is deficient on "how to deal with individuals" during an active crime scene encounter.

Next, the Plaintiffs plead in Complaint paragraph 57 that there was "an inadequate policy of training officers" regarding five "areas of law enforcement," as follows:

    a.    The use of proper and appropriate detention and seizure procedures.

    b.    The use of excessive and/or deadly force.

    c.    The proper use of less deadly means.

    d.    The proper use of cover and the pursuit of a suspect.[4]

    e.    De-escalation tactics.

However, as before, those allegations are facially deficient.  The Plaintiffs do not plead any facts to specifically identify *how* DPD training in detention and seizure procedures was inadequate, or *how* officer training on the use of deadly force or avoidance of excessive force was inadequate, or *how* officer training on the proper use of less-lethal force was inadequate, or *how* officer training on the use of cover or the pursuit of a suspect was inadequate, or *how* officer training on "de-escalation tactics" was inadequate.  Such pleading is insufficient.  *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) ("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective."); *accord, Bond*, 2017 WL 129019, at *4 (requiring that a plaintiff "at least make some allegation relating to an *identifiable* training, supervision, and discipline policy or customary practice" that is constitutionally defective) (italic emphasis added); *see also Spiller*, 130 F.3d at 162 (holding that raw, conclusory allegations of constitutionally defective municipal customs are insufficient to state a plausible claim).  For these reasons, the Complaint fails to plead adequately a custom

---

[4] Officer training on the use of cover or the pursuit of a suspect are not germane to the encounter between Guyger and Jean.

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M        Page 11

having the force of official City policy sufficient to support § 1983 liability.

Ironically, the only DPD "policies"[5] that the Plaintiffs identify with specificity pose zero risk of constitutional harm.  In Complaint paragraph 77, the Plaintiffs plead that DPD General Order 706.02(D), titled "Authorization to Use Deadly Force," provides that "Officers will only use deadly force to protect themselves or another person from imminent death or serious bodily injury."  Similarly, in Complaint paragraph 78, the Plaintiffs plead that DPD General Order 706.02(E), titled "Drawing or Displaying Firearms," "requires that a threat or reasonable belief that there is a threat to life or [officers] have a reasonable fear for their own safety and/or the safety of others exist in order to authorize an officer to draw or display her/his firearm."  Both of these "policies" are constitutional.  General Order 706.02(D) derives directly from *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985) (prohibiting the use of deadly force unless an officer has probable cause to believe that the suspect poses an imminent threat of serious harm to the officer or to others).  The substance of General Order 706.02(E) has been found to meet constitutional muster.  *See Cooperwood v. City of Kensett*, No. 4:05CV00902 JLH, 2006 WL 3735977, at *3 (E.D. Ark. Dec. 15, 2006) (noting that a police department policy that an officer "shall not remove a firearm from the holster or display weapons unless the officer feels his life or the life of another person may be threatened" is constitutionally sufficient).  So, once again, the Complaint fails to plead plausibly the existence of a constitutionally deficient City policy.

The Plaintiffs' failure-to-supervise and failure-to-discipline claims fare no better.  Those claims are pleaded in Complaint paragraphs 84 through 86.  Paragraph 85 pleads the substantive allegations, as follows:

---

[5] The City does not concede that DPD General Orders constitute a City "policy" within the meaning of *Webster*.  *See Mosser v. Haney*, No. CIV.A.3:03CV2260-B, 2005 WL 1421440, at *4 (N.D. Tex. June 17, 2005) (Boyle, J.) (holding that, because the DPD General Orders are issued by the Chief of Police, and not issued by a policymaker, the Court cannot find that the General Orders constitute the policy of the City of Dallas).

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 12

85.     On Plaintiffs' governmental liability claim against the City of
Dallas for failing to supervise and/or discipline its officers for prior viola-
tions and the resulting lack of supervision:

    a.   the City of Dallas and Chief Hall failed to adequately supervise
    and/or discipline its employees in handling usual and recurring
    situations with which they must deal[.]

The language the Plaintiffs use obviously is modeled after the Supreme Court's opinion in *City
of Canton v. Harris*, 489 U.S. 378 (1989), wherein the Court explained that it is insufficient to
show that an injury might have been avoided if there been better training, because "[s]uch a
claim could be made about almost any encounter resulting in injury, yet not condemn the ade-
quacy of the program to enable officers to respond properly to the usual and recurring situations
with which they must deal." *City of Canton*, 489 U.S. at 391.

But merely copying the language used in Supreme Court opinions is insufficient to state a
plausible claim, because the "formulaic recitation of the elements" of a claim by itself is insuffi-
cient.  Here, the Plaintiffs provide no facts whatsoever to support their conclusory allegation of
deficient supervision or discipline, rendering their claim facially implausible.  *Iqbal*, 556 U.S. at
678 (holding that "'naked assertion[s]' devoid of 'further factual enhancement'" are not entitled
to any presumption of truth).  In this instance, the allegation pleaded in Complaint paragraph
85-a is obviously conclusory.

The City also notes that this Court has held that an alleged failure to adequately train its
officers regarding the use of excessive force does not amount to a policy or custom, and such
allegations do not constitute grounds for municipal liability.  *Shipley v. Fincher*, No. CIV.A.
6:04-CV-059-C, 2004 WL 2599350, at *3 (N.D. Tex. Nov. 12, 2004) (Cummings, J.) (citing
*Grandstaff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985) ("An 'inadequate' training
program alone is not ordinarily the moving force behind an injured plaintiff's harm, because the

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 13

police officer who injures the plaintiff does not rely upon inadequate training as tacit approval of his conduct.  It is not enough that the city could, but does not, reduce the risk of harm to the plaintiff.")).

For these several reasons, the Complaint's § 1983 allegations against the City lack facial plausibility.  Therefore, the Court should grant the City's motion.

**4.      The Plaintiffs' § 1983 claim against the City must be dismissed because the Plaintiffs fail to sufficiently plead facts that permit an inference of deliberate indifference by the DPD's final policymaker.**

The City has already shown that, with respect to the undefined customs that the Plaintiffs allege in the Complaint, the Plaintiffs fail to sufficiently plead facts supporting the existence of a persistent and widespread practice rising to the level of a municipal policy.  However, even if the Plaintiffs had pleaded facts sufficient to permit a reasonable inference of the existence of the relevant City customs, the Plaintiffs still fail to plead *facts* from which the Court could rationally infer that the individual whom the Plaintiffs allege is the City's alleged final policymaker for the DPD—Chief Hall—was "deliberately indifferent" to a known or obvious risk that those customs would result in deprivations of rights.

Recently, in February of this year, the Fifth Circuit re-emphasized the extreme level of subjective knowledge and knowing disregard embodied in the deliberate indifference standard:

> The deliberate indifference standard is extremely high.  It requires a plaintiff to show that "1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur."

*Hartzog v. Hackett*, 711 F. App'x 235, 235-36 (5th Cir. 2018) (quoting *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001)) (citing *Hare v. City of Corinth*, 74 F.3d 633, 649-50 (5th Cir. 1996)).  *See also See Estate of Davis*, 406 F.3d at 381 ("For an official to act with

deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

As before, the Plaintiffs' pleadings are vague and conclusory. In Complaint paragraph 33, the Plaintiffs plead that Chief Hall (and the Dallas City Council and "the City") "knew or should have known that the training provided to Officer Guyger was inadequate or nonexistent." As a general proposition, the Plaintiffs' Complaint fails to provide any factual support for that allegation. More precisely, the Complaint fails to plead *facts* that permit a reasonable inference that Chief Hall subjectively knew, or even should have known, that the DPD training provided to Guyger in the relevant area, use of deadly force, was "inadequate or nonexistent," much less *facts* that reasonably support an inference that Chief Hall drew the necessary inferences *and* then acted in a manner that indicates that she subjectively intended for harm to occur.

Here, the Plaintiffs allege that, prior to the date of Guyger's encounter with Jean, "the Dallas City Council, the City Manager of Dallas and Chief Hall knew or should have known that Defendant Guyger exhibited a pattern of escalating encounters with the public." (Complaint at 15 para. 54.) That conclusory allegation is insufficient. An allegation that a policymaker "should have known" about a given employee's propensity to use excessive force must be supported by facts that demonstrate the policymaker's knowledge. *See, e.g.*, *Bonin v. Gee*, No. CIV.A. 14-00771-SDD, 2015 WL 3682609, at *4 (M.D. La. June 12, 2015) (holding that an allegation that a supervisory prison official knew or should have known of a "pattern of violence" and use of excessive force by a prison guard was conclusory, where the allegation was not supported by facts to indicate knowledge of a custom of the use of excessive force or that the prison guard in issue had a history of using excessive force).

The Complaint also alludes to deliberate indifference in paragraph 56, alleging that "The

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 15

[City's] failure to train its officers in a relevant respect reflects a deliberate indifference by the Dallas City Council, Mayor Rawlings, and Chief Hall to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983." That allegation is obviously a bare conclusion, as it is unsupported by any factual content that would allow the Court to draw a reasonable inference of deliberate indifference by the Council, the Mayor, or Chief Hall to an alleged failure to train in whatever amorphous but unstated "relevant respect" is pertinent.

Finally, in Complaint paragraph 85-b, the Plaintiffs allege that "Chief Hall and the Dallas City Council was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately[.]" That clearly conclusory allegation is similarly unsupported by factual content that would permit this Court to draw a reasonable inference of deliberate indifference by either the Council or by Chief Hall.

In sum, the Plaintiffs fail to plead facts that would allow the Court rationally to infer that Chief Hall (or any other potential final policymaker for the DPD implicitly referenced in the Complaint) was actually aware of a systemic deficiency in officer training regarding the use of deadly force, or any of the other areas of policing to which the Plaintiffs allude in the Complaint. The conclusory allegations that the DPD's policymaker "should have known" of training deficiencies, or that Guyger was inadequately trained, are factually unsupported. For this independent and additional reason, the Plaintiffs' § 1983 claim against the City lacks facial plausibility.

**5.      The Plaintiffs' § 1983 claim against the City must be dismissed because the Plaintiffs fail to sufficiently plead facts that permit a reasonable inference of legal causation.**

The third of the three attribution principles for municipal liability under § 1983 is legal causation. *Piotrowski*, 237 F.3d at 578. The City will now shift focus to the Plaintiffs' failure to sufficiently plead that the City's alleged DPD customs were the legal cause of the constitutional

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 16

deprivation (Guyger's use of unlawful deadly force) alleged in the Complaint.

The Fifth Circuit has explained that a § 1983 plaintiff must demonstrate a direct causal connection between official municipal policy and a resultant constitutional harm.  As explained in *Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992):

> [A] direct causal connection must exist between the policy and the alleged constitutional deprivation.  This connection must be more than a mere "but for" coupling between cause and effect.  To form the basis of liability under § 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it.

*Id.* at 1281 (footnotes omitted), *cited in Doerr v. Sisson*, No. 1:09-CV-00199-GHD, 2013 WL 3340487, at *6 (N.D. Miss. July 2, 2013), *aff'd*, 563 F. App'x 291 (5th Cir. 2014).  Put another way, the description of a policy or custom and its relationship to the underlying constitutional violation cannot be a mere conclusion, but must contain specific facts.  *Spiller*, 130 F.3d at 167.

Here, not only have the Plaintiffs failed to adequately plead the City policy or custom at work, but the allegations of legal causation are bare conclusions that lack any factual support.  In Complaint paragraph 39 the Plaintiffs plead simply that "Officer Guyger's unlawful and unwarranted acts, lack of training, lack of discipline and the official customs and policies of the DPD was [sic] the proximate cause of Jean's death."  The Plaintiffs provide no factual support for that supposed causal connection, much less facts that permit the Court to infer an affirmative link between City policy and the allegedly unconstitutional shooting of Botham Jean.

In Complaint paragraph 55, the Plaintiffs plead that "Defendant Guyger was acting . . . pursuant to the customs, practices and policies of the City of Dallas and the DPD in regards to the use of deadly force authorized and/or ratified by the City Council."  However, as explained above, the Plaintiffs plead explicitly that DPD General Order 906.02(D) authorizes officers to use deadly force only to protect themselves or another from imminent death or serious bodily

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 17

injury, and DPD General Order 906.02(E) prohibits officers even from drawing their firearms unless they have a reasonable fear for their own or another's safety.

In Complaint paragraph 59, the Plaintiffs plead the conclusion that "[t]he City of Dallas's policy of inadequate and improper training of police officers on proper detention and seizure procedures and the use of excessive and/or deadly force, resulted in the constitutional deprivations" alleged in the Complaint. Again, however, the Complaint omits the factual content necessary to permit a reasonable inference of an affirmative link between the City custom(s) and Guyger's decision to use deadly force against a compliant, non-threatening suspect. In other words, the Plaintiffs' provide no facts to suggest more than the "mere 'but for' coupling between cause and effect" that the Fifth Circuit requires. *See Fraire*, 957 F.2d at 1281.

The remainder of the Plaintiffs' allegations of legal causation are equally deficient, and all lack the requisite pleading of supporting facts. All are mere conclusions. *See* Complaint paragraph 61 ("Officer Guyger's lack of training by the DPD led to the use of excessive and deadly force and, ultimately, her killing Jean."); Complaint paragraph 80 ("Plaintiffs would show that Officer Guyger's actions were the result of, or within the scope of, wrongful and reckless customs, practices and/or procedures of the DPD, in regard to the use of deadly force . . . ."); Complaint paragraph 85-c ("the failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Jean's constitutional rights"); Complaint paragraph 86 ("The City of Dallas's failure to adequately supervise and/or discipline its officers was therefore the moving force behind Plaintiffs' damages.").

None of those bare conclusions constitute well-pleaded allegations that are entitled to a presumption of truth. For these reasons, the Plaintiffs' § 1983 claims against the City of Dallas lack facial plausibility. Therefore, the Court should grant this motion.

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M Page 18

**6.    The Court should grant this motion because the Plaintiffs' Complaint fails to plead sufficient nonconclusory facts to support any element of § 1983 municipal liability.**

"The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation marks omitted), *cited in Whitley v. Ariaz*, No. 6:08-CV-085-C, 2009 WL 10705391, at *3 (N.D. Tex. Mar. 25, 2009) (Cummings, J.).  The Plaintiffs' Complaint here fails to meet that well-settled standard.  The Plaintiffs fail to plead (1) an identifiable, constitutionally deficient City custom having the force of official City policy; (2) nonconclusory facts sufficient to permit a reasonable inference that the City's policymaker(s) for the DPD acted with deliberate indifference to a known or obvious risk that the unidentified City custom(s) would likely lead to a deprivation of Fourth Amendment rights in the manner alleged in the Complaint; and (3) nonconclusory facts sufficient to permit a reasonable inference that the unidentified City custom(s) were the "moving force" and actual cause of the alleged deprivation of Botham Jean's rights.  Therefore, the Court should dismiss the Plaintiffs' § 1983 claims.

## IV.    CONCLUSION

The Plaintiffs' allegations in the Complaint do not state a plausible claim for relief under 42 U.S.C. § 1983 as to the City.  The Plaintiffs fail to sufficiently plead a city custom having the force of official City policy, fail to allege nonconclusory facts that permit a reasonable inference that the City's policymakers for the DPD were deliberately indifferent to a substantial risk that any unidentified City custom would lead to a deprivation of Fourth Amendment rights as alleged in the Complaint, and fail to plead nonconclusory facts that permit a reasonable inference that an unidentified City custom was the legal cause of any deprivation of Botham Shem Jean's Fourth

Amendment rights.  As a result of the lack of factual content in the Plaintiffs' Complaint, the Plaintiffs' § 1983 claims lack facial plausibility because the Court cannot draw the reasonable inference that the City is liable for the misconduct and damages that they allege.

WHEREFORE, the Defendant City of Dallas asks that the Court dismiss the Plaintiffs' claims against it, and that the Court grant the City of Dallas all such other and further relief to which it is entitled as is consistent with this motion.

<div style="margin-left:40%">

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

*s/ Jason G. Schuette*
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Amy I. Messer
Senior Assistant City Attorney
Texas State Bar No. 00790705
amy.messer@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas  75201
Telephone:     214-670-3519
Telecopier:    214-670-0622

ATTORNEYS FOR THE DEFENDANT
CITY OF DALLAS

</div>

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 20

## CERTIFICATE OF SERVICE

I hereby certify that on 29 November 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Daryl K. Washington
Washington Law Firm, P.C.
325 N. St. Paul St., Suite 3950
Dallas, Texas  75201
*Attorney for the Plaintiffs*

S. Lee Merritt
Merritt Law Firm, LLC
1910 Pacific Avenue, Suite 11500
Dallas, Texas  75021
*Attorney for the Plaintiffs*

*s/ Jason G. Schuette*
Senior Assistant City Attorney

The Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs'
Claims Alleged Against It in the Plaintiffs' Original Complaint, and Brief in Support
*Bertrum Jean et al. v. City of Dallas et al.*; Civil Action No. 3:18cv2862-M                    Page 21