UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, Individually and as the surviving father of BOTHAM SHEM JEAN, ALLISON A. JEAN, Individually and as the surviving mother of BOTHAM SHEM JEAN, and ALLISA E. FINDLEY as the Administrator of the Estate of BOTHAM SHEM JEAN, Plaintiffs, v. THE CITY OF DALLAS, TEXAS, and AMBER GUYGER, Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:18-CV-2862-M |

**THE DEFENDANT CITY OF DALLAS'S REPLY IN SUPPORT OF
ITS RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE COURT:

The Defendant City of Dallas ("the City"), files its reply to Plaintiffs' Response to

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Claims

Alleged Against It in the Plaintiffs' Original Complaint (ECF No. 9) (the "Response").

**I.      SUMMARY OF THE REPLY**

The City is entitled to dismissal of the Plaintiffs' constitutional claims alleged pursuant to

42 U.S.C. § 1983 because the Plaintiffs fail to plead nonconclusory facts sufficient to state a

plausible claim.  The Plaintiffs rely upon case authorities that improperly dilute Supreme Court's

holdings in *Bell Atlantic Corp. v. Twombly*, and *Ashcroft v. Iqbal*, which require that a complaint

be facially plausible to survive dismissal.  The Plaintiffs fail to show that their complaint pleads

sufficiently a cognizable City custom of the use of unlawful deadly force, or that the complaint

pleads supporting facts beyond labels and conclusions.  Therefore, the Court should grant the

City's motion in all respects.

## II.    ARGUMENT AND AUTHORITIES IN REPLY

### A.    The Plaintiffs miscast the standard for dismissal under Rule 12(b)(6) of municipal liability claims under § 1983.

The Plaintiffs for the most part accurately present the standards for evaluating municipal liability claims under § 1983.  (*See* Response at 2-4.)  However, the Plaintiffs err in suggesting that the facial plausibility requirements set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), are diluted by the Supreme Court's prior holding in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).  In *Leatherman*, the Court held that there was no heightened pleading requirement for § 1983 claims against municipalities.  *Leatherman*, 507 U.S. at 168.  Leatherman does not hold, or even suggest, that municipal § 1983 claim pleading requirements are less stringent than for other claims.  On the other hand, the Supreme Court made clear in *Bell Atlantic* that Rule 8's facial plausibility requirements apply with full force to all claims.  *Iqbal*, 556 at 684 (citing *Bell Atlantic*, 550 U.S. at 554) (quoting Fed. R. Civ. P. 1).

Case authorities that allowing dilution of pleading requirements of § 1983 claims against municipalities are on shaky ground.  For example, in *Thomas v. City of Galveston*, 800 F. Supp. 2d 826 (S.D. Tex. 2011), cited in Plaintiffs' Response, the court reasoned that facially deficient municipal liability claims should be allowed to proceed, and that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later."  *Id.* at 845 (quoting *Leatherman*, 507 U.S. at 168-69).  But the Supreme Court expressly rejected that approach in *Iqbal*, cautioning that "[t]he question presented by a motion to dismiss for insufficient pleadings does not turn on the controls placed on the discovery process."  *Iqbal*, 556 U.S. at 662 (citing *Bell Atl.*, 550 U.S. at 559).  *Brown v. City of Houston*, 297 F. Supp. 3d 748, 767 (S.D. Tex. 2017), relies on the result and faulty reasoning in *Thomas* as

does *Schaefer v. Whitted*, 121 F. Supp. 3d 711, 718 (W.D. Tex. 2015).

Other cases on which the Plaintiffs rely are inapposite to the Plaintiffs' argument. In *E.G. v. Bond*, No. 1:16-CV-068-C, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) This Court's de novo review of the magistrate judge's recommendation to grant the motion to dismiss § 1983 training, supervision, and discipline claims found the plaintiff's allegation insufficient:

> Plaintiffs allege generally that the Defendants 'knew of the risks . . . posed by inadequate training.' But the Magistrate Judge correctly discerned that nothing in the Amended Complaint identifies any actual training policy (or supervision or discipline policy) or practice of the City of Abilene that was defective or that was adopted or continued with deliberate indifference. Plaintiffs need not detail the Abilene Police Department training manual in their pleadings, but they must at least make some allegation relating to an identifiable training, supervision, and discipline policy or customary practice of the City that was constitutionally defective.

*Bond*, 2017 WL 129019, at *4 (internal references omitted). Here, the City's motion is based on that precise deficiency—that the Plaintiffs fail to plead an *identifiable* training, supervision, or disciplinary custom that was constitutionally defective.

With respect to the deliberate indifference standard itself, the Plaintiffs attempt to distinguish the Fifth Circuit's holding in *Hartzog v. Hackett*, 711 F. App'x 235 (5th Cir. 2018), that an "official's response indicates the official subjectively intended that harm occur." *Id.* at 235-36. It is important to note that the City does not contend that deliberate indifference requires proof that an official actually intend that harm occur. Rather, the City argues that, as the Fifth Circuit held in *Hartzog*, the official's response must indicate that manner of disregard for potentially unconstitutional consequences of municipal customs subjectively known to the official. Judge Boyle's thoughtful opinion in *Dyer v. Fyall*, 322 F. Supp. 3d 725, 737-38 (N.D. Tex. 2018) notwithstanding, *Hartzog* is the law in the Fifth Circuit. In any event, it is beyond debate that the Plaintiffs must plead nonconclusory facts that permit a reasonable inference that the City's final policymaker for the Dallas Police Department ("DPD") exhibited at least subjective recklessness

to the risks of harm, enunciated in the Supreme Court's holding in *Farmer v. Brennan*, 511 U.S. 825 (1994).  *See Dyer*, 322 F. Supp. 3d at 739.  But, here, Plaintiffs fail to plead nonconclusory facts that permit an inference of *subjective* deliberate indifference by the City's policymaker for the DPD, whether that policymaker is the Dallas City Council or Chief of Police Hall.

**B.      The Plaintiffs fail to show that they have adequately pleaded a § 1983 claim against the City.**

The Plaintiffs urge that there is a DPD custom to "shoot first and ask questions later," and that this alleged custom was the actual cause of Amber Guyger's use of unlawful deadly force against Botham Jean.  (Response at 11.)  The Plaintiffs contend that such allegations adequately plead a § 1983 claim.  (*See id.* at 10-12.)  But, those allegations are insufficient.

The Plaintiffs concede that there must be more than conclusory allegations to support a complaint.  To that end, the Plaintiffs point out that they have alleged seven (7) other instances in which DPD officers used excessive force without cause—the alleged "shoot first" custom.  (*See* Response at 11.)  However, upon closer inspection, it becomes clear that an allegation of a mere seven prior alleged instances excessive force are not sufficient to plead a viable § 1983 claim. For example, in *Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002), the Fifth Circuit held that "Eleven incidents [of warrantless searches] each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."  *Id.* at 329.  And here, of the seven instances of alleged unlawful deadly force (by shootings) occurring since 2013, it is a matter of public record that in two (2) instances it has been judicially determined that excessive force was not used.  In the encounter between Clinton Allen and DPD officer Staller, in which officer Staller fatally shot Allen, a jury found for officer Staller on the excessive force claim.  (*See* Court's Charge to the Jury in No. 3:13cv4231-M, *Collette Flanagan et al. v. City of Dallas et al.*, docket item 180).

And in an encounter between David Blair and two DPD officers, in which the officers fired their service weapons several times at Blair, this Court determined that the officers' uses of deadly force were objectively reasonable, and granted summary judgment in favor of the officers. (*See* Order dated 2 July 2015 in No. 3:14cv1515-P, *David Blair et al. v. City of Dallas et al.*, docket item 70.) Thus, even if the remaining five (5) encounters involved uses of unlawful deadly force consistent with the alleged "shoot first" custom,[1] there are insufficient predicate instances of the use of unlawful deadly force to allow a reasonable inference of a persistent and widespread DPD practice constituting official City policy. Put differently, if eleven instances of alleged misconduct are insufficient to constitute a custom having the force of official policy, then five instances certainly cannot be enough to plausibly allege plausibly a persistent and widespread custom.

Even aside from the lack of substance behind the supposed facts supporting the Plaintiffs' "shoot first" custom allegation, there is even less substance behind the Plaintiffs' allegations of customs of insufficient training, supervision, or discipline of DPD officers. As shown by the Response, the Plaintiffs fail to direct the Court to a single identifiable systemic deficiency in the DPD's use-of-force training, the DPD's supervision of its officers regarding use of force, or DPD discipline of officers who use unlawful deadly force. (*See* Response.) Moreover, the Response fails to direct the Court to any nonconclusory allegations in the Complaint that permit an reasonable inference that the City's policymakers were deliberately indifferent to any such systemic deficiencies. (*See id.*) For these additional reasons, the live Complaint fails to plead a facially plausible § 1983 claim against the City.

---

[1] The City does not concede that the remaining five officer-involved shooting encounters alleged by the Plaintiffs involved a use of unlawful deadly force. The § 1983 lawsuits pertaining to the encounters involving James Harper, Kelvion Walker, Bertrand Davis, and Genvive Dawes and Virgilio Rosales remain pending. (*See* Court's Dockets in *Sandra Harper et al. v. City of Dallas and Brian Rowden* No. 3:14cv2647-M; *Kelvion Walker v. Amy Wilburn*, No. 3:13cv4896-K; *Otis Davis et al. v. City of Dallas and Matthew Terry*, No. 3:16cv2548-L; and *Mary Dawes et al. v. City of Dallas et al.*, No. 3:17cv1424-S.)

**C.     The Court should adhere to the principles established by the Supreme
Court in *Bell Atlantic* and in *Iqbal*.**

Courts have noted the "tension" between the sound principles established in *Bell Atlantic*

and in *Iqbal*, and the occasional retreat from those standards in cases such as *Thomas*, *Schaefer*,

and *Brown*.  This Court should adhere to the pleading standards set forth by the Supreme Court.

The Plaintiffs' Response makes it clear that the development of every basic component of their

claims against the City must be accomplished through discovery, including specifications of the

manner in which the alleged "shoot first" custom arises.  That is, the Plaintiffs plainly intend to

use costly and burdensome discovery in the hope of finding some factual basis for the conclusory

allegation of a "shoot first" custom.  However, as the Supreme Court explained in *Iqbal*, while

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime

of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

more than conclusions." *Iqbal*, 556 U.S. at 678-79 (citing *Bell Atlantic*, 550 U.S. at 556).  Here,

the Plaintiffs have nothing but conclusions.  The Court should grant the City's motion, but allow

the Plaintiffs an opportunity to amend their complaint to plead facially plausible claims against

the City.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329

(5th Cir. 2002) (explaining that a court should allow a plaintiff at least one opportunity to cure

pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or

the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will

avoid dismissal").

## IV.     CONCLUSION

The Plaintiffs' allegations in the Complaint do not state a plausible claim for relief under

42 U.S.C. § 1983 as to the City.  The Plaintiffs fail to sufficiently plead a city custom having the

force of official City policy, fail to allege nonconclusory facts that permit a reasonable inference

that the City's policymakers for the DPD were deliberately indifferent to a substantial risk that any unidentified City custom would lead to a deprivation of Fourth Amendment rights as alleged in the Complaint, and fail to plead nonconclusory facts that permit a reasonable inference that an unidentified City custom was the legal cause of any deprivation of Botham Shem Jean's Fourth Amendment rights.  As a result of the lack of factual content in the Plaintiffs' Complaint, the Plaintiffs' § 1983 claims lack facial plausibility.

WHEREFORE, the Defendant City of Dallas asks that the Court dismiss the Plaintiffs' claims against it, and that the Court grant the City of Dallas all such other and further relief to which it is entitled as is consistent with its motion.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

s/ *Jason G. Schuette*
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Amy I. Messer
Senior Assistant City Attorney
Texas State Bar No. 00790705
amy.messer@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas  75201
Telephone:    214-670-3519
Telecopier:    214-670-0622

ATTORNEYS FOR THE DEFENDANT
CITY OF DALLAS

## CERTIFICATE OF SERVICE

I hereby certify that on 7 January 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Daryl K. Washington
Washington Law Firm, P.C.
325 N. St. Paul St., Suite 3950
Dallas, Texas  75201
*Attorney for the Plaintiffs*

S. Lee Merritt
Merritt Law Firm, LLC
1910 Pacific Avenue, Suite 11500
Dallas, Texas  75021
*Attorney for the Plaintiffs*

*s/ Jason G. Schuette*
Senior Assistant City Attorney