UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, Individually and as the surviving father of BOTHAM SHEM JEAN, ALLISON A. JEAN, Individually and as the surviving mother of BOTHAM SHEM JEAN, and ALLISA E. FINDLEY as the Administrator of the Estate of BOTHAM SHEM JEAN,<br>　　　　Plaintiffs,<br><br>v.<br><br>THE CITY OF DALLAS, TEXAS, and AMBER GUYGER,<br>　　　　Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>3:18-CV-2862-M-BH<br><br><br>Referred to the United States Magistrate Judge for Determination |

**THE DEFENDANT CITY OF DALLAS'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY, AND BRIEF**

TO THE HONORABLE COURT:

The Defendant City of Dallas (the "City"), pursuant to the Court's Order entered on 22 January 2019 (ECF No. 17) files its response in opposition to Plaintiffs' Motion for Leave to file Sur-Reply to the Defendant City of Dallas's Rule 12(b)(6) Motion to Dismiss, filed 18 January 2019 (ECF No. 16) (the "Motion").

### I.　　SUMMARY OF THE RESPONSE

Surreplies are highly disfavored, and this Court only permits a surreply in exceptional or extraordinary circumstances. Here, there are no exceptional or extraordinary circumstances that justify permitting a surreply. The arguments in the City's reply brief (ECF No. 13) (the "Reply") are well within the scope of the arguments proffered in the Plaintiffs' response (ECF No. 9) (the "Response"), and the City's arguments made in its Reply do not mislead this Court. Rather, this is merely a classic instance of a plaintiff seeking to have the last word on a movant's motion. Accordingly, this Court should deny the Motion in all respects.

## II. ARGUMENTS AND AUTHORITIES IN RESPONSE

### A. Legal standards regarding surreplies

Surreplies are "highly disfavored," and this Court permits surreplies only in exceptional or extraordinary circumstances. As explained in *Campoamor v. Cengage Learning, Inc.*,

> Campoamor seeks leave to file a surreply to "more fully respond to Defendant's Motion [for Partial Judgment on the Pleadings] and address arguments raised and new authority referenced in Defendant's Reply." Under Local Civil Rule 7.1, the movant is generally entitled to file the last pleading. Surreplies are highly disfavored, and this Court will only permit a surreply in exceptional or extraordinary circumstances. The Court does not find such here. The arguments in the reply brief were raised in Cengage's motion and/or were within the scope of the arguments in Campoamor's response. Plaintiff's Motion for Leave to File Sur-Reply is **DENIED**.

*Campoamor v. Cengage Learning, Inc.*, No. 3:09cv921-M, 2010 WL 11618843, at *1 (N.D. Tex. June 10, 2010) (Lynn, J.) (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)) (internal footnotes omitted).

This Court has also noted that surreplies often are an unhelpful strategic ploy designed by a party that opposes a motion to have the "last word," in contravention of this Court's local rules:

> Further, once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, Defendant, as the summary judgment movant, is entitled to file the last document. Surreplies and other filings that serve the purpose or have the effect of a surreply are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not helpful in resolving pending matters and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances.

*Lynch v. Union Pac. R.R. Co.*, No. 3:13cv2701-L, 2015 WL 6807716, at *2 (N.D. Tex. Nov. 6, 2015) (Lindsay, J.).

### B. The City's reply brief does not proffer any evidence, much less "new" evidence.

The Plaintiffs urge that a surreply is appropriate where a reply proffers new evidence in

support of the principal motion. (Motion 2-3.) In fact, several of the case authorities on which the Plaintiffs rely pertain to a movant's attempt to proffer new evidence. (*See id.*) (citing *Murray v. TXU Corp.*, No. 3:03cv0888-P, 2005 WL 1313412, at *4 (N.D. Tex. 2005) (mem. op.) (Solis, J.); *Jackson v. Triumph Aerostructures, LLC*, No. 3:15cv0535-B, 2016 WL 4800358, at *2 (N.D. Tex. Sept. 12, 2016) (mem. op.) (Boyle, J.). But here, the "new evidence" argument is a classic red-herring. The City's dispositive motion is based upon Rule 12(b)(6). (*See* ECF No. 7.) The City has not proffered any evidence at all, much less *new* evidence. Therefore, the Plaintiffs' Motion cannot be granted on the grounds that the City's Reply injects new evidence.

C.   **The City's reply brief does not proffer a new legal theory not contained in the City's principal motion.**

The Plaintiffs urge that the Court should permit a surreply to respond to an allegedly new legal theory raised in the City's Reply, that "the law requires Plaintiffs to allege a certain number of prior instances of unlawful police shootings to sufficiently plead a 'shoot first' custom—even though the Northern District has specifically rejected this same argument from the City before." (Motion 3-4.)

The Plaintiffs err in two ways. First, the City's Reply does not argue that the Plaintiffs were required to allege a minimum number of prior instances of unlawful shootings to meet the facial plausibility standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and reiterated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rather, the Reply argues that the seven instances of allegedly unlawful police shootings alleged in the live Complaint (ECF No. 5) are not sufficient to plausibly allege a persistent and widespread custom of unlawful shootings, and particularly where two of the Plaintiffs' exemplars of alleged misconduct have been determined not to have been unlawful. (*See* Reply 4-5.)[1] The City's Reply cites *Pineda v. City of Houston*,

---

[1] The Plaintiffs suggest that the City's counsel violated the Texas Disciplinary Rules of Professional Conduct

291 F.3d 325 (5th Cir. 2002), as a useful guidepost for this Court's evaluation of the sufficiency of the Plaintiffs' reliance upon seven equivocal allegations extraneous alleged misconduct as support for a "shoot first" custom.

Second, there was nothing "new" about the City's legal theory. The City's principal motion avers that the Plaintiffs fail to plead with adequate specificity a constitutionally deficient City custom, and fail to plead adequately facts supporting the existence of an offending City custom having the force of official policy of the use of unlawful deadly force. (*See* ECF No. 7 at 9-14.) The Plaintiffs responded by urging that reference to a supposed "shoot first and ask questions later" policy was sufficient, and recited the aforementioned seven instances of alleged use of unlawful deadly force as providing sufficient factual content to lend facial plausibility to their Complaint. (Response 10-11.) The City's Reply necessarily addressed the insufficiency of the Plaintiffs' allegations. But, there was no "new" legal theory here. Accordingly, there is no basis to permit the Plaintiffs the last word by way of a surreply.

D. **The Plaintiffs clearly attempt to have the "last word" regarding the deliberate indifference standard, and the Court should reject the attempt.**

The Plaintiffs next urge that they should be permitted a surreply to point out an imagined "about face" in the City's position about the subjective awareness component of the deliberate indifference standard. (*See* Motion 5.) It is evident from the Motion that the Plaintiffs desire to have the last word on the City's motion. This Court certainly is capable of discerning adequately from the parties' legal arguments already on file whether, and to what extent, *Hartzog v. Hackett*, 711 F. App'x 235, 235-36 (5th Cir. 2018), informs this Court's evaluation of the subjective com-

---

3.03(a)(4) by failing to disclose to the Court authority known to be directly adverse to the position of the City. (*See* Motion 4 n. 2, 3.) This is a surprising allegation, given that one of the attorneys for the Plaintiffs here was counsel for the plaintiffs in both *David Blair et al. v. City of Dallas et al.*, No. 3:14cv1515-P, and in *Collette Flanagan et al. v. City of Dallas et al.*, No. 3:13cv4231-M. That is to say, counsel for the Plaintiffs here allege that the deadly force used in the *Blair* and *Flanagan* litigation was unlawful, despite having personal knowledge that those allegations have been determined adversely to the position of the Plaintiffs here on the precise legal point in issue.

ponent of the deliberate indifference standard for municipal policymakers. Were the Court to oblige the Plaintiffs with a surreply to address alleged "distortions" in the City's Reply, the City should certainly be entitled to a sur-surreply to address the distortions proffered in the surreply. Instead, the City urges that neither would be helpful in resolving the City's dispositive motion, *Lynch*, 2015 WL 2807716, at *2, and the Court should deny the Plaintiffs' motion for leave to file a surreply.

E.     **No surreply is needed to correct alleged "distortions" of the authorities on which the Plaintiffs rely.**

The Plaintiffs' final argument is that they should be "given the opportunity to correct erroneous portrayals of Plaintiffs' position in the Response and the authorities on which they rely." (Motion 5.) Once again, the Plaintiffs improperly seek to have the "last word" on the City's motion. And, as before, were the Court to oblige the Plaintiffs with a surreply to address alleged erroneous presentation of the Plaintiffs' legal authorities made in the City's Reply, the City should be entitled to a sur-surreply to address the erroneous arguments proffered in the surreply. Instead, the again City urges that neither would be helpful in resolving the City's dispositive motion, *Lynch*, 2015 WL 2807716, at *2, and the Court should deny the Plaintiffs' transparent attempt to obtain a tactical advantage by way of an unmerited surreply.

WHEREFORE, the Defendant City of Dallas asks that the Court deny the Plaintiffs' motion for leave to file a surreply, and to grant the City all further relief that is consistent with this response.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

*s/ Jason G. Schuette*
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Amy I. Messer
Senior Assistant City Attorney
Texas State Bar No. 00790705
amy.messer@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas  75201
Telephone:	214-670-3519
Telecopier:	214-670-0622

ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on 29 January 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Daryl K. Washington
Washington Law Firm, P.C.
325 N. St. Paul St., Suite 3950
Dallas, Texas  75201
*Attorney for the Plaintiffs*

*s/ Jason G. Schuette*
Senior Assistant City Attorney