United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Bertrum Jean et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-02862-M |
| | § | |
| The City of Dallas, Texas and | § | |
| Amber Guyger, | § | |
|     Defendants. | § | |

### Defendant Amber Guyger's Motion to Stay This Action Pending Resolution of Her Criminal Case, and Brief in Support

**Mark E. Goldstucker**
State Bar of Texas No. 08104100
Law Office of Mark E. Goldstucker
300 North Coit Road, Suite 1125
Richardson, Texas 75080
Telephone:  972-479-1112
Fax:  972-479-1113
Email:  mgoldstucker@gmail.com

**Attorney for Defendant Amber Guyger**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

I.      BACKGROUND ............................................................................................................... 1

II.     ARGUMENT AND AUTHORITIES ................................................................................ 2

        A.      Legal Standards Applicable to Guyger's Motion to Stay ........................................ 3

        B.      The Court Should Stay This Action Pending Resolution of
                Guyger's Criminal Case ........................................................................................... 4

                1.      Overlapping Issues Between Criminal and Civil Cases ............................... 4

                2.      Status of the Criminal Case .......................................................................... 7

                3.      The Plaintiffs' Interests ................................................................................ 8

                4.      The Defendant's Interests ............................................................................ 8

                5.      The Court's Interests .................................................................................... 9

                6.      The Public's Interests .................................................................................10

        C.      All Six Factors Weigh in Favor of a Stay ...............................................................11

III.    CONCLUSION ..................................................................................................................11

CERTIFICATE OF SERVICE ......................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

*Alcala v. Texas Webb County*, 625 F. Supp. 2d 391 (S.D. Tex. 2009)……………………. passim

*Baxter v. Palmigiano*, 425 U.S. 308 (1976) ……………………………………………………. 5

*Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) ……………………………...…………… 9, 11

*Collins v. Bauer*, No. 3:11-CV-877-B,
   2011 WL 3874910 (N.D. Tex. Aug. 31, 2011) ……………………………..…….. 4, 5, 8, 9, 10

*Doe v. City of N.Y.*, 2010 WL 286643 (S.D.N.Y. Jan. 19, 2010) ……………………………….. 4

*Doe v. Morris*, No. 11-1532, 2012 WL 359315 (E.D. La. Feb. 2, 2012) ………..………….. 4, 6

*Dominguez v. Hartford Fin. Svcs. Grp., Inc.*,
   530 F. Supp. 2d 902 (S.D. Tex. 2008) …………………………………………...………… 6

*Frierson v. City of Terrell*, No. 3:02-CV-2340-H,
   2003 WL 21355969 (N.D. Tex. June 6, 2003) ……………………………………....……. 10

*Gilmore v. City of Bryan*, 2014 WL 5878734 (S.D. Tex. Nov. 10, 2014) ……………………… 3

*In re Ramu Corp.*, 903 F.2d 312 (5th Cir. 1990) …………………………………………………… 3

*Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989) ……………………………………………….. 6

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) ……………………………5

*Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992) ……………………………………………… 6

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ……………………………………………………… 3

*Lizarraga v. City of Nogales Arizona*, No. CV 006-474 TUC DCB,
   2007 WL 215616 (D. Ariz. Jan. 24, 2007) ……………………………………………………. 7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) ………………………5

*SEC v. Boock*, 2010 WL 2398918 (S.D.N.Y. June 15, 2010) …………………………………… 5

*SEC v. Mersky*, 1994 WL 22305 (E.D. Pa. Jan. 25, 1994) …………………………………….. 8

*Sec. & Exch. Comm'n v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A,
   2011 WL 4398443 (N.D. Tex. Sept. 20, 2011) ……………………………………………...7

*Sec. & Exch. Comm'n v. Offill*, No. 3:07-CV-1643-D,
   2008 WL 958072 (N.D. Tex. Apr. 9, 2008) ………...……………………….....…. 3, 5, 7, 10

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v.*
   *Transworld Mech., Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995) ………………….…………...… 4

*United States v. 4003-4005 5th Ave.*, 55 F.3d 78 (2d Cir. 1995) ……………………….…………5

*United States v. Kordel*, 397 U.S. 1 (1970) ……………………………………………………… 3

*United States v. Little Al*, 712 F.2d 133 (5th Cir. 1983) ……………………………………….3

*United States v. Rainey*, 757 F.3d 234 (5th Cir. 2014) ……………………………………....3

*Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993) …………………. 4

*Walker v. Wilburn,* No. 3:13-CV-48896-D,
   2015 WL 5873392 (N.D. Tex. Oct. 5, 2015) …………...…………………………… 3, 4, 7, 9, 11

*Wallace v. Kato*, 549 U.S. 384 (2007) …………………………………………………………… 3

**Constitution**

United States Constitution, Amend. V ……………………………….…………… 5, 9, 10, 11

**Statutes & Rules**

42 U.S.C. § 1983 ……………………………………………………………………………………..1

F.R.C.P. 12 ……………………………………………………………………………...………. 2, 11

United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| **Bertrum Jean et al.,**      § | |
|     **Plaintiffs,**           § | |
| § | |
| v.                              § | Civil Action No. 3:18-cv-02862-M |
| § | |
| **The City of Dallas, Texas and**  § | |
| **Amber Guyger,**             § | |
|     **Defendants.**          § | |

### Defendant Amber Guyger's Motion to Stay This Action Pending Resolution of Her Criminal Case, and Brief in Support

Defendant Amber Guyger ("Guyger") files this motion to stay this action pending resolution of her criminal case, and shows the following:

### I.
### BACKGROUND

This is a civil rights action brought by Plaintiffs Bertrum Jean, Individually as the surviving father of Botham Shem Jean, Allison A. Jean, Individually as the surviving mother of Botham Shem Jean and Allisa E. Findley as the Administrator of the Estate of Botham Shem Jean, deceased (collectively "Plaintiffs"), alleging claims pursuant to 42 U.S.C. § 1983 against the City of Dallas, Texas ("City"), and former Dallas Police Department Officer Amber Guyger ("Guyger"). This case arises from the alleged use of excessive deadly force by Guyger on September 6, 2018. (Plaintiffs' Original Complaint ("Complaint"), ECF Doc. 1, modified by ECF Doc. 5, at 13-25.) Plaintiffs allege a cause of action against Guyger for unconstitutional use of excessive force and causes of action against the City for municipal liability, failure to train, and failure to supervise. (*Id.*)

The City was served with summons on November 12, 2018, and filed a motion to dismiss for failure to state a claim on November 29, 2018. (ECF Docs. 6, 7.) Plaintiffs filed a response to the City's motion to dismiss on December 19, 2018, and the City filed a reply on January 7, 2018. (ECF Docs. 9, 13.)

Guyger was indicted by the Dallas County Grand Jury on November 30, 2018, for murder, based on the same events that give rise to this civil action. (Compl. at 4-13; App. at 3, 4-5.) That case is currently set for jury trial on August 12, 2019. (*Id.* at 5.)

On January 7, 2019, Plaintiffs sent Guyger a request for waiver of service. On January 8, 2019, the waiver of service was signed on behalf of Guyger; accordingly, the deadline for Guyger to file an answer or Rule 12 motion was March 8, 2019. (ECF Doc. 14.) Guyger timely filed a motion requesting an extension of that deadline. (ECF Doc. 22.) The extension was requested because Guyger's attorney had not completed his review of the case information and materials necessary for filing an answer or Rule 12 motion. (*Id.*) On March 10, 2019, the Court granted that motion by electronic order and extended the deadline to March 22, 2019. (ECF Doc. 23.) After the review, Guyger moves, as set forth below, to stay the case, including her filing of an answer or Rule 12 motion, pending the resolution of the criminal case against her arising out of the same events on which this action is based.

## II.
## ARGUMENT AND AUTHORITIES

Guyger moves the Court to stay this case until after the resolution of the criminal case filed against her for murder. The criminal case arises from the same events made the basis of this lawsuit, and is currently pending in Dallas County. (App. at 3, 4-5.)

Guyger requests that the Court stay this case until after her criminal case is concluded in order to avoid the prejudice that would occur to Guyger if both legal matters are allowed to proceed simultaneously.

**A.     Legal Standards Applicable to Determine Guyger's Motion to Stay**

A district court has a "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). *See also Walker v. Wilburn,* No. 3:13-CV-48896-D, 2015 WL 5873392, at ** 5-9 (N.D. Tex. Oct. 5, 2015). Such discretionary power is an inherent one "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

A court may decide within its discretion to stay civil proceedings "when the interests of justice seem to require such action." *United States v. Kordel*, 397 U.S. 1, 12, n. 27 (1970). In special circumstances, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983). *See also Sec. & Exch. Comm'n v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *2 (N.D. Tex. Apr. 9, 2008). Such practice is typically followed not only in this district but also in other district courts. *See, e.g., Gilmore v. City of Bryan*, 2014 WL 5878734, at *2 (S.D. Tex. Nov. 10, 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)) ("[T]he district court may, and following common practice often does, stay the civil action until pending or potential criminal case has been decided."); *Doe v. City of N.Y.*, 2010 WL 286643, at *1 (S.D.N.Y. Jan.

19, 2010) ("District courts routinely . . . stay a case when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter.").

In determining whether to stay a civil case when a criminal case is pending, courts are to consider the following six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 398-99 (S.D. Tex. 2009) (citing numerous cases and discussing *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995)).

B. **The Court Should Stay This Action Pending Resolution of Guyger's Criminal Case**

1. *Overlapping Issues Between Criminal and Civil Cases*

The first factor, the degree to which civil issues overlap with criminal issues, has been considered the most important factor. *Walker*, 2015 WL 5873392, at *6; *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). *See also Collins v. Bauer*, No. 3:11-CV-877-B, 2011 WL 3874910, at *2 (N.D. Tex. Aug. 31, 2011); *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012). A court should consider whether, by allowing the civil action to continue, the defendant can effectively defend the civil lawsuit without being pressured into waiving her Fifth Amendment

rights. *Alcala*, 625 F. Supp. 2d at 400. Since Guyger can be called and forced to testify in this action, both at deposition and at trial, permitting discovery and trial to occur will force Guyger to choose between publicly testifying under oath on matters directly implicated in her criminal case, or asserting Fifth Amendment rights and being unable to defend herself in this case. That is precisely the situation this factor seeks to avoid.

The issues and concerns raised by the concurrent pendency of these civil and criminal proceedings are important. This importance was summarized in *Walker*:

> "A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts . . . her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if . . . she waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (citing *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995)). . . . "The Supreme Court has explained 'that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" *Id*. at 98 (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (observing that it is permissible for the trier of fact to draw such adverse inferences)). "But if civil defendants do not elect to assert their Fifth amendment privilege, and instead fully cooperate with discovery, their 'testimony . . . in their defense in the civil action is likely to constitute admissions of criminal conduct in their criminal prosecution.'" *Id*. (quoting *SEC v. Boock*, 2010 WL 2398918, at *2 (S.D.N.Y. June 15, 2010)).

*Walker*, 2015 WL 5873392, at *4.

Some courts have determined that the first factor weighs in favor of a stay based simply on the subject matter of the two proceedings being the same and the issues in the two cases being substantially similar. *See Collins*, 2011 WL 3874910, at *2; *Offill*, 2008 WL 958072, at *2; *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012); *Dominguez v. Hartford Fin. Svcs. Grp., Inc.*, 530 F. Supp. 2d 902, 907 (S.D. Tex.

2008). If the subject matter of both is substantially related, courts will weigh this factor in favor of a stay.

In the present case, it is undisputable that the underlying subject matter of Guyger's indictment and this civil action are the same. In the criminal proceeding, Guyger's indictment alleges the offense of murder stemming from the death of Botham Jean on September 6, 2018. (App. at 3.) That offense requires the State to prove that Guyger, on that date, intentionally and knowingly caused the death of Botham Jean by shooting him with a firearm. (*Id.*) The indictment provides additional allegations regarding the details of Guyger's encounter with Botham Jean. (*Id.*)

In this civil action, Plaintiffs' excessive force claim requires Plaintiffs to prove that, on September 6, 2018, during Guyger's encounter with the decedent, Botham Jean, he: (1) suffered a physical injury; (2) which resulted directly and only from a use of force by Guyger while acting under color of state law that was clearly excessive to the need; and (3) the excessiveness of the force employed was objectively unreasonable. *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992); *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989). The allegations of harm by Plaintiffs mirror, with more factual detail, the allegations in the indictment. (Compl. at 4-13.) Guyger is defendant in both the civil action and criminal case, and the witnesses are the same in both. (*Id.*) Both actions concern the same events. (*Compare* App. at 3, 4-5, *with* Compl. at 4-13.) Since the criminal case and this civil action arise from the same events, involve the same defendant, and implicate similar issues, there is substantial overlap between them. (*Id.*) Therefore, as

shown by the above authorities, this civil action should be stayed in its entirety until the criminal case has been resolved.

### 2. *Status of the Criminal Case*

The second factor to consider is the status of the criminal case. *Alcala*, 625 F. Supp. 2d at 398-99. A stay of a civil action is most appropriate where a party to the civil action has already been indicted for the same conduct. *Walker*, 2015 WL 5873392, at *7 (citations omitted); *Sec. & Exch. Comm'n v. Kiselak Capital Group, LLC*, No. 4:09-CV-256-A, 2011 WL 4398443, at *2 (N.D. Tex. Sept. 20, 2011). *See also Offill*, 2008 WL 958072, at *2. Prior to an indictment, whether the issues will overlap is a mere "matter of speculation." *Alcala*, 625 F. Supp. 2d at 401. Post-indictment, however, is when the degree of overlap between a criminal and civil action can most readily be determined. *Id.* The criminal indictment helps clarify the alleged conduct at issue and can be easily compared against the civil complaint. *Id.* Thus, the "strongest case" for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter." *Id. See also Lizarraga v. City of Nogales Arizona*, No. CV 006-474 TUC DCB, 2007 WL 215616, at *3 (D. Ariz. Jan. 24, 2007). As noted above, Guyger is currently under criminal indictment for the precise conduct made the basis of Plaintiffs' claims in this civil action, and there is substantial and significant overlap of issues between the two matters. (*Compare* App. at 3, 4-5, *with* Compl. at 4-13.) This factor therefore weighs in favor of staying this action.

### 3. *The Plaintiffs' Interests*

Courts recognize that plaintiffs have an interest in the prompt resolution of their claims and in obtaining discovery while information is still fresh in witnesses' minds. *SEC v. Mersky*, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). It is possible that Plaintiffs will argue that if this case is stayed as to Guyger, it should not be stayed as to other parties so that some discovery can proceed. But such an argument overlooks Plaintiffs' own allegations regarding the interrelatedness of the events and persons giving rise to this case. (Compl. at 4-13.) The inability of Guyger to participate in such discovery harms her interest in the same way as would be the case if the Court denied this motion: participate with the risk of causing conflicts with her interests in the criminal case. Plaintiffs must establish more prejudice than simply a delay in their rights to expeditiously pursue their claims. *Alcala*, 625 F. Supp. 2d at 397.

This factor is of less importance here, however. Concerns regarding acquisition of information while it is still "fresh" are less of an issue and should not cause this motion to be denied. This is particularly so since the nature of discovery will concern in large part records, reports, recorded recollections of witnesses, and tangible things, which coincide with the information related to the criminal indictment.

### 4. *The Defendant's Interests*

The fourth factor considers the private interest of Guyger in securing the stay, and the burden that would result to her if the stay were denied. *Collins*, 2011 WL 3874910, at *3. In ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing

violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). The first two factors of the stay analysis, overlap of issues and status of the criminal case, also contribute to the analysis of this factor. *Alcala*, 625 F. Supp. 2d at 400-01.

As already discussed, the substantial overlap of issues between the pending criminal indictment against Guyger and this civil action places her in the position of having to choose between the assertion of her Fifth Amendment rights, on the one hand, and the ability to adequately defend herself in this lawsuit, which seeks both actual and exemplary damages from her, on the other hand. (Compl. at 25-27.) That tension is improper and manifestly unfair to Guyger. This conflict can be eliminated by granting a stay of this action until Guyger's criminal case is resolved. *Walker*, 2015 WL 5873392, at *8 (also noting that the officer defendant has an interest in staying the civil trial to avoid exposing her criminal defense strategy to the prosecution) (citations omitted).

Guyger's criminal-defense lawyer is concerned about Guyger's ability to receive a fair trial in her criminal case if these two matters proceed simultaneously. (App. at 4-5.) This is yet another reason why Guyger's interests strongly support the stay of this action until Guyger's criminal case is resolved.

### 5. *The Court's Interests*

In deciding whether to stay a case, the Court must also balance its own interests, including judicial efficiency. *Alcala*, 625 F. Supp. 2d at 406. The Court has an interest in moving matters expeditiously through the judicial system. *Collins*, 2011 WL 3874910, at *4. Conducting criminal proceedings in advance of civil proceedings promotes judicial

economy. *Offill*, 2008 WL 958072, at *3. Due to differences in the standards of proof between civil and criminal prosecutions, "the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Id.* A court should analyze whether, and to what extent, the outcome of the criminal proceeding would serve to simplify or "streamline" the issues. *Id.* Such result is dependent upon the degree of overlap between the criminal and civil proceedings and whether a conviction in the former would "speak to the actual bases of liability" in the latter action. *Id.* Resolution of the criminal case might also increase the likelihood of settlement of the civil case. *Id. See also Alcala*, 625 F. Supp. 2d at 406 (finding that the conviction of a civil defendant following the entry of a plea or a trial can "contribute significantly to the narrowing of issues in dispute in the overlapping civil case and promote settlement of civil litigation . . . ."). The Court's interests in this case thus weigh in favor of a stay.

    6.    *The Public's Interests*

Regarding the final factor in the stay analysis, the public has an interest in the just and constitutional resolution of disputes with minimal delay. *Collins*, 2011 WL 3874910, at *4. Such resolution, however, must be considered only to the extent that the integrity of Guyger's rights can be maintained. *Alcala*, 625 F. Supp. 2d at 407. *See also Frierson v. City of Terrell*, No. 3:02-CV-2340-H, 2003 WL 21355969, at *4 (N.D. Tex. June 6, 2003). As mentioned previously, Guyger's Fifth Amendment rights are at risk if both cases proceed simultaneously. "The degree of overlap is an important consideration in weighing the public's interests." *Alcala*, 625 F. Supp. 2d at 407. Moreover, the public also has an interest in ensuring that the criminal discovery process is not subverted. *Walker*,

2015 WL 5873392, at *9 (citations omitted). Additionally, the Fifth Circuit has long recognized the public interest in law enforcement. *Campbell*, 307 F.2d at 487.

Taking all this into consideration, the public's interests also weigh in favor of a stay. Staying this action will allow for the resolution of the criminal case against Guyger to potentially greatly narrow the issues to be decided in this action when and if it is tried, as well as increase the possibility of a settlement without a trial. Moreover, staying this action until the criminal case is resolved protects Guyger's Fifth Amendment rights and her right to a fair and impartial jury in her criminal trial – rights that, as shown above, would otherwise be violated if this action proceeds to trial.

**C.     All Six Factors Weigh in Favor of a Stay**

All six factors weigh in favor of staying this action. Guyger, therefore, moves the Court to stay this civil action until the resolution of the pending criminal indictment against Guyger that arises from the same underlying facts.

## III.
## CONCLUSION

Under the authorities cited above, Guyger requests, in the interest of receiving a fair criminal trial and the interests outlined in this motion, that this action be stayed until the completion of her criminal case.

**Wherefore**, Defendant Amber Guyger requests that this motion be granted, that this action be stayed, including Guyger's filing of an answer or Rule 12 motion, pending resolution of the criminal case against Guyger, and that Guyger be granted all other relief to which she is entitled.

Respectfully submitted,

  s/ Mark E. Goldstucker
**Mark E. Goldstucker**
State Bar of Texas No. 08104100
Law Office of Mark E. Goldstucker
300 North Coit Road, Suite 1125
Richardson, Texas 75080
Telephone: 972-479-1112
Fax: 972-479-1113
mgoldstucker@gmail.com

**Attorney for Defendant Amber Guyger**

### Certificate of Conference

On March 21, 2019, the undersigned attorney for Guyger conferred by email with Plaintiffs' attorney, Daryl K. Washington, regarding this motion. Mr. Washington stated that Plaintiffs are opposed to the motion. On that same date, the City's attorney notified the undersigned that the City is not opposed to the motion.

  s/ Mark E. Goldstucker
**Mark E. Goldstucker**

### Certificate of Service

On March 22, 2019, a copy of the foregoing document was served electronically through the Court's ECF system on all counsel of record.

  s/ Mark E. Goldstucker
**Mark E. Goldstucker**