IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, Individually and as the surviving father of BOTHAM SHEM JEAN, ALLISON A. JEAN, Individually and as the surviving mother of BOTHAM SHEM JEAN, and ALLISA E. FINDLEY as the Administrator of the Estate of BOTHAM SHEM JEAN, | § § § § § § § § | CIVIL ACTION NO. 3:18-CV-2862-M |
| *Plaintiffs* | § | |
| v. | § § | |
| THE CITY OF DALLAS and AMBER GUYGER, | § § § | |
| *Defendants* | § § | |

---

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT AMBER GUYGER'S MOTION TO STAY**

---

**Daryl K. Washington**
State Bar No. 24013714
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214-880-4883
214-751-6685 (fax)
dwashington@dwashlawfirm.com

**Benjamin L. Crump**
(PENDING PRO-HAC ADMISSION)
**BEN CRUMP LAW, PLLC**
122 S. Calhoun St.
Tallahassee, Florida 32301
850-224-2020
ben@bencrump.com

**S. Lee Merritt**
State Bar No. PA 314891
**MERRITT LAW FIRM, LLC**
1910 Pacific Ave., Suite 11500
Dallas, Texas 75201
888-647-3041
888-339-2050 (fax)
slm@merrittatlaw.com

**ATTORNEYS FOR PLAINTIFFS**

TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................................iv

I.      INTRODUCTION.....................................................................................................1

II.     SUMMARY OF THE ARGUMENT..........................................................................2

III.    ARGUMENT ...........................................................................................................3

     A.      A stay of civil proceedings is unnecessary to prevent prejudicing Guyger's ability to defend herself since Guyger has already admitted Plaintiffs' allegations by failing to respond to them in any way.................................................................................3

          1.      Filing a motion to stay does not absolve Guyger of the duty to file a response to Plaintiff's allegations against her.......................................................................................................3

          2.      Having failed to dispute any of Plaintiffs' allegations against her, Guyger should be deemed to admit the allegations are undisputed fact...............................................5

          3.      Guyger's admissions leave nothing for her to defend in the civil case; thus, it is needless to stay the civil case during the pendent criminal case..........................................7

     B.      Alternatively, this case does not present the "special circumstances" necessary to justify a stay of civil proceedings ..............................................................................................10

          1.      Any negative impact caused by the overlap in uses between the criminal and civil cases can be mitigated.....................11

          2.      The status of the criminal case does not pose enough risk to warrant a stay of the civil case.................................................12

          3.      The private interests of the plaintiffs in proceeding expeditiously, taken with the prejudice to plaintiffs caused by the delay, weigh against a stay...........................................13

TABLE OF CONTENTS (CONT'D)

**Page**

4.      The private interests of and burden on the defendants ...................14

5.      The interests of the court do not support staying the
         case .........................................................................................15

6.      The interests of the public in staying the case are
         minimal......................................................................................16

CONCLUSION & PRAYER ...........................................................................18

CERTIFICATE OF SERVICE...........................................................................21

TABLE OF AUTHORITIES (CONT'D)

| Cases | Page |
|---|---|

*Additive Control & Measurement Sys., Inc. v. Flowdata, Inc.*,
No. H–90–1554, 1994 WL 425107 (S.D. Tex. May 28, 1997) ............................................... 6

*Alcala v. Tex. Webb Cty.*,
625 F. Supp. 2d 391 (S.D. Tex. 2009).................................................................... 10, 11, 14

*Citro-Rey S. de R.L. de C.V. v. L&M Cos.*,
No. M-07-154, 2009 WL 10692862 (S.D. Tex. Oct. 13, 2009) ............................................. 6

*Degen v. United States*,
517 U.S. 820 (1996) .......................................................................................... 13, 18

*Dominguez v. Hartford Fin. Servs. Group, Inc.*,
530 F. Supp. 2d 902 (S.D. Tex. 2008).............................................................................. 18

*Hall v. Aetna Cas. & Sur. Co.*,
617 F.2d 1108 (5th Cir. 1980) ......................................................................................... 6

*Heller Healthcare Fin., Inc. v. Boyes*,
Civ. No. 300CV1335D, 2002 WL 1558337 (N.D. Tex. July 15, 2002) .............................. 12

*Hoover v. Knight*,
678 F.2d 578 (5th Cir.1982) ........................................................................................... 16

*In re CFS-Related Secs. Fraud Litig.*,
256 F.Supp.2d 1227 (N.D. Okla. 2003) ...................................................................... 11, 16

*In re Ramu Corp.*,
903 F.2d 312 (5th Cir. 1990) .......................................................................................... 16

*Jones v. Lopez*,
262 F. Supp. 2d 701 (W.D. Tex. 2001)....................................................................... 5, 6, 9

*Librado v. M.S. Carriers, Inc.*,
Civ. No. 3:02-CV-2095D, 2002 WL 31495988 (N.D. Tex. Nov. 5, 2002) ......................... 12

*Meyers v. Pamerleau*,
No. 5:15-CV-524-DAE, 2016 WL 393552 (W.D. Tex. Feb. 1, 2016) ................................. 17

TABLE OF AUTHORITIES (CONT'D)

**Cases (cont'd)**                                                                                              **Page**

*Sec. & Exch. Comm. v. First Fin. Grp. of Tex., Inc.*,
   659 F.2d 660 (5th Cir.1981) ...................................................................... 10, 13, 17

*U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Amer.*,
   571 F. Supp. 2d 758 (W.D. Tex. 2008) ............................................... 11, 13, 14, 16

*United States v. Little Al*,
   712 F.2d 133 (5th Cir. 1983) ................................................................... 10

*United States v. Poole*,
   No. A–06–229 LY, 2007 WL 9701226 (W.D. Tex. Feb. 6, 2007) ......................................... 6

*Walker v. Wilburn*,
   No. 3:13-CV-4896-D, 2015 WL 5873392
   (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.) ....................................... 10, 11, 13, 14, 16

**Rules**

Fed. R. Civ. P. 6(b)(1) ................................................................................... 4

Fed. R. Civ. P. 8(b) ..................................................................................... 3

Fed. R. Civ. P. 8(b)(1) ................................................................................. 5

Fed. R. Civ. P. 8(b)(2) ................................................................................. 5

Fed. R. Civ. P. 8(b)(3) ................................................................................. 5

Fed. R. Civ. P. 8(b)(4) ................................................................................. 5

Fed. R. Civ. P. 8(b)(5) ................................................................................. 5

Fed. R. Civ. P. 8(b)(6) ................................................................................. 5

Fed. R. Civ. P. 12(a)(1)(A)(ii) ................................................................. 1, 4

### PLAINTIFFS' RESPONSE TO
### DEFENDANT AMBER GUYGER'S MOTION TO STAY

Plaintiffs Bertrum Jean and Allison Jean, individually and as the surviving parents of Botham Jean, and Allisa E. Findley, as the Administrator of the Estate of Botham Jean, file this Response to Defendant Amber Guyger's Motion to Stay this Action Pending Resolution of Her Criminal Case, and Brief in Support (the "Motion") (Doc. 24). This Court should deny Guyger's Motion for the following reasons:

## I.   INTRODUCTION

Botham Jean's promising life ended on September 6, 2018, when Defendant Amber Guyger unlawfully and without warning entered Jean's apartment, inexplicably opening fire on Jean, who was unarmed. No justification existed for Guyger's egregious use of deadly force. Plaintiffs sued Guyger and the City of Dallas (the "City") on October 26, 2018, to recover actual and punitive damages caused by Jean's death. (Doc. 1).

Guyger, who was indicted for Jean's murder on November 30, 2018, has never responded to the allegations in Plaintiffs' Complaint. Although the City responded to Plaintiffs' claims against it by filing a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12 on November 29, 2018 (Doc. 7), Guyger has filed neither a Rule 12 motion nor an answer. Instead, on March 8, 2019, the statutory deadline for her answer,[1] she filed a Motion to Extend Time to File Answer or Rule 12 Motion (Doc. 22). The Court

---

[1] Plaintiffs agreed that Guyger signed a waiver of service that was sent to her January 7, 2019, giving Guyger 60 days—or until March 8, 2019—to respond to Plaintiff's Complaint. (*See* Doc. 24 at 2); *see also* Fed. R. Civ. P. 12(a)(1)(A)(ii).

granted her motion on March 10, retroactively affording Guyger an additional 14 days to file a responsive pleading or Rule 12 motion by March 22, 2019. (*See* Doc. 23).

When March 22 came, however, Guyger shirked this court-ordered deadline, instead filing a motion to stay the civil case (Doc. 24), unaccompanied by any request for relief from the court's March 10 order and offering no explanation for again failing to respond to Plaintiffs' Complaint, this time in violation of a court order. For the reasons explained below, Guyger's Motion should be, in all things, denied.

## II.     SUMMARY OF THE ARGUMENT

Guyger cannot establish that a stay of this civil case is necessary to avoid prejudicing her ability to defend herself because by failing to deny (or even respond to) any of the allegations in Plaintiffs' Complaint—as required—Guyger has been deemed to admit the violations alleged. When Guyger's court-ordered deadline to file an answer or pre-answer Rule 12 motion arrived, Guyger still neglected to file any responsive document—without explanation for the failure to respond or comply with the Court's order, and without asking this Court for any additional time to do so. Guyger unilaterally determined she need not  comply with the Court's order and instead filed her Motion to Stay, urging the Court to "stay the case, including her filing of an answer or Rule 12 motion." (*See* Doc. 24).

Guyger presumes, without citing any authority, that requesting a stay in this civil case excuses her from complying with the court-ordered deadline that expired the same day she filed the Motion. (Doc. 24 at 2). Guyger's presumption is unwarranted. Under the Local Rules of this Court, expired deadlines are not extended or revived by the grant

of—let alone merely by filing—a motion to stay. *See* N.D. Tex. L.R. 40.1. Guyger simply ignored the deadline and offered no good cause—or any reason—for her failure to respond to Plaintiffs' allegations against her. Under Federal Rule of Civil Procedure 8, therefore, allegations of Guyger's excessive use of deadly force in Plaintiffs' Complaint become undisputed facts. *See* Fed. R. Civ. P. 8(b).

The primary concern Guyger raises in her Motion—that proceeding in the civil case may prompt her to make or refrain from making statements that could compromise her ability to defend herself in both the civil and criminal cases—does not warrant a stay, now that she has admitted the allegations Plaintiffs seek to prove in the civil case. Furthermore, alternatives to imposing a stay, such as a protective order, are available to protect Guyger's admissions from incriminating Guyger in the criminal case against her. Alternatively, even if this Court does not deem the undenied allegations to be Guyger's admissions, the facts of this case do not warrant imposing a stay on the entire civil case against Guyger and the City of Dallas. Thus, this Court should deny Guyger's Motion.

### III.   ARGUMENT

**A.   A stay of civil proceedings is unnecessary to prevent prejudicing Guyger's ability to defend herself since Guyger has already admitted Plaintiffs' allegations by failing to respond to them in any way.**

**1.   Filing a motion to stay does not absolve Guyger of the duty to file a response to Plaintiff's allegations against her.**

Unless a defendant files a pre-answer motion to dismiss under Rule 12, a defendant who has timely waived service under Rule 4(d) "must serve an answer" to the plaintiff's complaint within 60 days after the waiver request was sent. Fed. R. Civ. P.

12(a)(1)(A)(ii). Federal Rule 6(b) permits courts to grant extensions of time for a defendant to file an answer or pre-answer Rule 12 motion if the defendant shows good cause before the deadline expires and that any neglect was excusable for filing after the deadline. Fed. R. Civ. P. 6(b)(1).

After failing to file an answer or Rule 12 motion in response to Plaintiffs' Complaint by either the statutory or court-imposed deadline, Guyger filed her Motion to Stay, presuming—without any supporting authority—that requesting a stay in this civil case excuses her from complying with the March 22 deadline. (Doc. 24 at 2). Under the Local Rules of the Northern District of Texas, however, granting a motion to stay generally "will not extend or revive any deadline that has already expired in a case." N.D. Tex. L.R. 40.1.[2] It follows that merely filing a motion to stay does nothing to extend or revive an expired deadline. Guyger's presumption, therefore, is mistaken.

Guyger admits that this Court's order set a deadline of March 22 to file a responsive pleading or Rule 12 motion; Guyger simply ignored the order. Guyger made no attempt to show any good cause for failing to comply with the court-ordered deadline. In fact, she did not even acknowledge her failure. Given that she filed her Motion to Stay the same day her answer was due—and that the City of Dallas has already filed a Rule 12 motion—there is no apparent good cause or excusable neglect for bypassing a court-ordered deadline to respond to the Plaintiff's Complaint filed almost 6 months ago.

---

[2] Although Local Rule 40.1 applies to motions for continuance of a trial setting, motions for a "stay" and a "continuance," though sometimes applied in different circumstances, "are often used interchangeably." 9 Cyclopedia of Federal Procedure § 28:1 ("Continuances and Stays: Generally") (3d ed.) (Jan. 2019 Update). Therefore, the Local Rule on motions for continuance should be read to apply to the Motion to Stay as well.

Guyger cannot unilaterally avoid responding by relying on the possibility that this Court would grant a stay in this case. Moreover, because Guyger's response deadline already expired, even entering a stay would not extend or revive her deadline to respond.

Thus, Guyger did not respond to—let alone deny—any of the allegations in Plaintiffs' civil suit against her.

## 2. Having failed to dispute any of Plaintiffs' allegations against her, Guyger should be deemed to admit the allegations are undisputed fact.

In responding to a complaint, a defendant must: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Any such denials— whether general, specific, partial, or based on lack of knowledge—"must fairly respond to the substance of the allegation." *Id.* at 8(b)(2)–(5). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." *Id.* at 8(b)(6). Thus, "[u]nder federal practice, the failure to deny plaintiff's averments operates as an admission." *Jones v. Lopez*, 262 F. Supp. 2d 701, 709 n.2 (W.D. Tex. 2001).

Under circumstances similar to those here, in *Jones v. Lopez*, the Western District determined that the facts the plaintiff alleged in support of his Section 1983 claim for violations of his Fourth and Fifth Amendment rights were undisputed where "defendants failed to deny any of plaintiff's allegations either by a general denial . . . or by denying his specific allegations." *Id.* Thus, under Rule 8, defendants were deemed to admit that "plaintiff was unlawfully detained some 253 days beyond the mandatory

release date . . . [and that] plaintiff made numerous requests to them for review of his detention and for his release but ignored them." *Id.*

The Fifth Circuit and other district courts consistently hold the same. *See Hall v. Aetna Cas. & Sur. Co.*, 617 F.2d 1108, 1111 (5th Cir. 1980) (by failing to deny coverage alleged in plaintiff's complaint, defendant provider admitted coverage); *see also Citro-Rey S. de R.L. de C.V. v. L&M Cos.*, No. M-07-154, 2009 WL 10692862, at *2 (S.D. Tex. Oct. 13, 2009) ("[b]y failing to respond, Plaintiff admitted all allegations of liability" in the counterclaim); *United States v. Poole*, No. A–06–229 LY, 2007 WL 9701226, at *3 (W.D. Tex. Feb. 6, 2007) (by failing to deny or otherwise directly respond to allegations in the complaint, defendant "admitted to the truth of the[] allegations against him," further entitling plaintiff to default judgment); *Additive Control & Measurement Sys., Inc. v. Flowdata, Inc.*, No. H–90–1554, 1994 WL 425107, at *1 n.5 (S.D. Tex. May 28, 1997) ("where, as here the plaintiff has failed wholly to respond to the third amended counterclaim the allegations are nevertheless treated as admitted since they are not denied").

Plaintiffs filed this suit against Guyger and the City of Dallas on October 26, 2018. (Doc. 5). Although Plaintiffs were able to serve the City with summons on November 12, 2018, after attempting service on Guyger, Plaintiffs ultimately sent her a request for waiver of service on January 7, 2019, which she signed, giving her 60 days to answer by March 8, 2019. (*See* Doc. 24 at 2; *see also* Doc. 14). On the day her answer was due, Guyger filed a motion for extension of time, to afford her attorney time to review case materials in order to prepare either an answer or a Rule 12 motion. (*See* Doc. 22). This Court granted

Guyger's motion, extending the deadline to respond to Plaintiffs' Complaint until March 22, 2019. (*See* Doc. 24 at 2).

Guyger then filed a motion to stay instead of a responsive pleading, or even a Rule 12 pre-answer motion and, to date, has not filed any document which could be construed as an answer, an admission, or a denial of the allegations against her. *See* Fed. R. Civ. P. 8(b). In Guyger's only two filings in this case—the motion for extension of time to file her answer (Doc. 22) and the motion to stay (Doc. 24)—Guyger has in no way responded to any of the allegations in Plaintiff's Complaint.

Therefore, under Rule 8(b)(6), Guyger's failure to deny the facts and allegations against her in Plaintiff's Complaint constitute admissions to those allegations.

**3.     Guyger's admissions leave nothing for her to defend in the civil case; thus, it is needless to stay the civil case during the pendent criminal case.**

Guyger has admitted every allegation necessary to hold her liable for the excessive use of deadly force that caused Botham Jean's tragic death. The primary thrust of Guyger's motion urges that a stay of this civil case is necessary to prevent forcing Guyger to choose between asserting her Fifth-Amendment rights, arguably prejudicing her ability to defend herself against allegations in the civil case, and testifying under oath in the criminal case about matters involved in both. (*See* Doc. 24 at 4–6, 9–11). Yet Guyger has neglected to dispute the allegations against her, including that:

- Guyger used "excessive force resulting in the wrongful death of Botham Shem Jean [] under the color of law, in violation of his individual rights under the Fourth Amendment of the United States Constitution and, consequently, in violation of his civil rights pursuant to 42 U.S.C. § 1983." (Doc. 5 at ¶ 1).

- Dressed in uniform, Guyger attempted to enter Jean's apartment, despite the unique door chime, bright red door mat, and "eye level illuminated door number indicating she was standing" in front of and attempting to open a door to an apartment that was not hers. (*Id.* at ¶14).

- When Guyger looked inside Jean's apartment, "the available lighting provided sufficient illumination" for Guyger to see that Jean "was then unarmed and not fully clothed" before she nevertheless unlawfully entered his apartment (*Id.*).

- "Guyger failed to secure the location by shutting the door and calling for back up while taking a tactical position outside of the apartment." (*Id.* at ¶ 20).

- After Guyger says she gave Jean verbal commands, "Jean attempted to comply by slowly arising from his seated position. Without any lawful justification to do so and not asking the questions that a reasonable well-trained officer would have, Defendant Guyger fired upon Jean, striking him in the chest although he was unarmed and not attempting to harm her or any other person." (*Id.* at ¶ 15).

- "Guyger was in full uniform at the time of the shooting, was performing the duties of a law enforcement officer, was donning a badge, used her service weapon and was behaving as a police officer when she shot Jean after issuing verbal commands to him in his home but failed to charge Defendant Guyger with a crime." (*Id.* at ¶ 23).

- "Jean was killed as a direct result of Defendant Guyger's use of force that was clearly excessive and the excessiveness of which was clearly unreasonable. That is, Defendant Guyger, without justification and the need to do so, used excessive force as described above and killed Jean without legal justification. Defendant Guyger's use of force was clearly excessive and clearly unreasonable because Jean never made any threatening gestures toward Defendant Guyger and did not pose an immediate threat to the safety of Defendant Guyger or others." (*Id.* at ¶ 47).

- "Guyger was not provoked when she fired into an occupied residence for no lawful or justifiable reason. Jean died as a result of a gunshot wound to his chest. The excessive and deadly force used by Defendant Guyger was not reasonable or justified, nor was it necessary under the circumstances." (*Id.* at ¶ 48).

- "Guyger's actions were not objectively reasonable because Jean did not pose an immediate risk of serious physical harm to Guyger or any other person." (*Id.* at ¶ 49).

- The force Guyger used "was objectively unnecessary, excessive and unreasonable under the circumstances, as Jean did not pose an immediate threat to the safety of Defendant Guyger or others and the use of such excessive and deadly force was

unnecessary. Rather, Defendant Guyger embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Jean to suffer extreme and severe mental and emotional distress, agony and anxiety." (*Id.* at ¶ 50).

- "Further, Guyger's conduct violated a clearly established constitutional right—the right to be free from excessive force—that was established well before Guyger shot and killed Jean." (*Id.* at ¶ 51).

- In an attempt to cover-up for shooting Jean, Defendant Guyger allegedly made certain comments to Jean, knowing she was being recorded, who was then still suffering from the gunshot wound to his chest and in a great deal of pain. At no time did Defendant Guyger attempt to render emergency aid to Jean or take any lifesaving measures." (*Id.* at ¶16).

- Guyger made "several phone calls prior to giving a statement to investigators and at some point was permitted to both re-enter the apartment of Jean as well as her own apartment." (*Id.* at ¶22).

- Before Guyger's name was released to the public, Guyger "was given time to scrub her social media accounts" where her posts "demonstrate[d] that she is a dangerous individual with highly violent and anti-social propensities." (*Id.* at ¶ 26). "Guyger's posts include statements like 'Personally I think I deserve a medal for getting through this week without stabbing someone in the neck with a fork'; 'People are so ungrateful. No one ever thanks me for having the patience not to kill them'; 'I wear all black to remind you not mess with me, because I'm already dressed for your funeral (saved to 'love to laugh' with comment "yah I got meh a gun a shovel and gloves if I were u back da fuck up and get out of meh fucking ass."'; 'Stay low, go fast, kill first, die last, one shot, one kill, no luck, all skill' was saved to her quotes for inspiration." (*Id.*).

- Guyger's conduct toward Jean was done "with evil motive or intent, or at the very least, was reckless or callously indifferent to the federally protected rights of the Plaintiffs." (*Id.* at ¶ 88).

These allegations—deemed undisputed—establish Guyger's liability under Section 1983 for violating Plaintiffs' Fourth Amendment Rights and even support exemplary damages—i.e., each and every claim against Guyger. Nevertheless, Guyger has elected not to deny them. Indeed, under Rule 8(b)(6), these allegations are undisputed. *Lopez*, 262 F. Supp. 2d at 709 n.2. There is nothing Guyger could say under

oath in the criminal case that could harm her defense any further than she has by ignoring her duty to respond to Plaintiffs' claims against her in this civil matter.

Accordingly, none of Guyger's concerns in proceeding with this civil case while her criminal trial is ongoing warrant imposing a stay.

**B.    Alternatively, this case does not present the "special circumstances" necessary to justify a stay of civil proceedings.**

Although a district court has discretion to stay a civil proceeding while a parallel criminal proceeding is pending, "such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (quoting *Sec. & Exch. Comm. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). Courts have considered several factors when examining whether "special circumstances" exist sufficient to warrant a stay:

(1)    the extent to which the issues in the criminal case overlap with those presented in the civil case;

(2)    the status of the criminal case, including whether the defendants have been indicted;

(3)    the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;

(4)    the private interests of and burden on the defendants;

(5)    the interests of the courts; and

(6)    the public interest.

*Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *5 (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.); *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 398–99 (S.D. Tex. 2009). These factors weigh against imposing a stay of this case.[3]

---

[3] To the extent Guyger asks this Court to stay the entire case, and not only with regard to her, this Response explains why a stay is improper as to Guyger and the City of Dallas.

1. **Any negative impact caused by the overlap in uses between the criminal and civil cases can be mitigated.**

Guyger argues that the issues in the civil and criminal cases overlap, and thus, absent a stay, any testimony she gave in the civil case could jeopardize her criminal case. In lieu of a stay, however, less drastic methods of protecting the defendant's interests include "sealing answers to interrogatories, sealing answers to depositions, . . . or limiting disclosure only to counsel." *Gonzalez*, 571 F. Supp. 2d. at 763 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F.Supp.2d 1227, 1240 (N.D. Okla. 2003)).

Guyger's concerns that invoking the Fifth Amendment may harm her defense against Plaintiffs' claims—or that testifying in the civil case would jeopardize her criminal defense—may be protected without staying the entire civil case. For instance, a protective order prohibiting the use of Guyger's deposition answers, interrogatory responses, and answers to requests for admissions in the criminal case could prevent evidence discovered in the civil case from being used in the criminal case. Thus, although the *Walker* court is correct that "[a] stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, . . . [or] the criminal litigation," a stay is not the only way to provide such protection. *Walker*, 2015 WL 5873392, at *4.

Furthermore, there is far less overlap between the criminal case against Guyger and the issues in the civil case against the City. When the question of liability in a civil case focuses on conduct distinct from, though related to, the conduct at issue in a criminal case, the degree of overlap is diminished. *See Alcala*, 625 F. Supp. 2d at 398–99. The Section 1983 claim against the City targets the City's "policy: to use deadly force even when there

exist no immediate threat of harm to themselves or others" (Doc. 5 at ¶ 36); as well as its "policy of inadequate and improper training of police officers on proper detention and seizure procedures and the use of excessive and/or deadly force" (*Id.* at ¶ 59); and "a persistent, widespread practice of police shootings that result from the training or lack thereof." (*Id.* at ¶ 67). Evidence of these policies, practices, procedures, and customs, and the City's related culpability—such as indications by Chief Brown that the City would implement certain policies or procedures and evidence of the City's intent to do so—exists independent of Guyger's conduct. (*Id.* at ¶¶ 68–70). Thus, the City's alleged constitutional and common law violations do not involve the same conduct at issue in Guyger's criminal proceeding.

Accordingly, the first factor weighs against imposing a stay in the civil suit.

**2.    The status of the criminal case does not pose enough risk to warrant a stay of the civil case.**

There are two reasons why courts may stay a civil case against a party who has already been indicted for the same conduct at issue in the lawsuit. "[F]irst, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved," as Texas recognizes a right to a speedy trial. *Heller Healthcare Fin., Inc. v. Boyes*, No. 300CV1335D, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (Fitzwater, J.); *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002) (Fitzwater, J.).

Here, Guyger has already been indicted; but the risk that she may make incriminating statements in the civil case may be mitigated. As shown above the allegations against Guyger are undisputed and admitted, thus reducing the possibility that Guyger will be asked to make further incriminating statements in the civil case. In the alternative, however, methods other than a stay can protect Guyger's statements from being made available to incriminate her in the criminal trial. *See Degen v. United States*, 517 U.S. 820, 826 (1996) (reiterating that district courts may enter protective orders to prevent from being used in criminal cases). Further, this factor does not support a stay as to the City, because discovery can proceed against the City without compromising the criminal case against Guyger.

Thus, the second factor weighs against imposing a stay as to the City and does not weigh for or against a stay as to Guyger.

**3.    The private interests of the plaintiffs in proceeding expeditiously, taken with the prejudice to plaintiffs caused by the delay, weigh against a stay.**

To Guyger, "[t]his factor is of less importance here." (Doc. 24 at 8). On the contrary, Plaintiffs' strong private interests in quickly resolving their claims against Guyger are significant.

"Generally, a 'civil plaintiff has an interest in the prompt resolution of his claims, [including] obtaining discovery while information is still fresh in witnesses' minds.'" *Walker*, 2015 WL 5873392, at *8 (citing *Sec. & Exch. Comm. v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.); *see also U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Amer.*, 571 F. Supp. 2d 758, 765 (W.D. Tex. 2008)

("[T]he compensation and remedy due a civil plaintiff should not be delayed."). In *Gonzales*, the court reasoned that "it could take several months to resolve the criminal case," during which time "concerns regarding witnesses' fading memories" may arise that "are certainly not insignificant." *Gonzalez*, 571 F. Supp. 2d. at 763. Moreover, "the inability to seek discovery from [the defendant], who necessarily is a critical witness," "could prevent the plaintiff from obtaining the discovery necessary to prove her case." *Id.* Because staying the civil "action could significantly delay and prejudice [the plaintiff's] ability to obtain relief," the court concluded this factor weighed against the stay. *Id.* In *Walker*, the court held a stay would not "lead to the loss of evidence and duly frustrate a plaintiff's ability to put on an effective case," precisely because in that case the parties had already deposed key witnesses. *Walker*, 2015 WL 5873392, at *8 (citing *Alcala*, 625 F. Supp. 2d at 397).

Here, unlike in *Walker*, the parties have not yet conducted discovery. In the meantime, Guyger has scrubbed her social media accounts to remove posts containing statements potentially adverse to Guyger's defense. (Doc. 5 at ¶ 26). The Dallas Police Department ("DPD") even fed misinformation to the media in a preemptive attempt to provide the public the City's and Guyger's own version of the events, bolster Guyger's defense, and paint Jean in a negative light before the investigation could occur. (*Id.* at ¶ 44). Thus, there is no reason to allow Guyger or the City additional time to prevent Plaintiffs from obtaining testimony and documentary evidence from witnesses, whose memories may be altered by news coverage and the DPD's misinformation. Acquiring

such information "while it is still 'fresh'" (Doc. 24 at 8), before Guyger or the DPD has a chance to remove it, is of great concern to Plaintiffs.

Plaintiffs' inability to seek discovery from Guyger—herself a critical witness—could also significantly delay and prejudice their ability to obtain relief. Any risk of additional evidence compromising the criminal case against Guyger is minimal, compared to the risk that such evidence or witnesses may become unavailable in the civil case while Guyger awaits and proceeds through her criminal trial. Securing evidence to enable Plaintiffs to put on an effective case is of crucial private interest to Plaintiffs. Losing evidence or witnesses through further delay would highly prejudice Plaintiffs. At the very least, testimonial and documentary evidence related to the City's training and supervision of officers generally, and to the City's policies, procedures, and customs can be secured during the pendency of the criminal case without compromising the criminal prosecution of Officer Guyger.

Furthermore, Guyger's other argument that the Plaintiffs' interests will not be harmed focuses instead on her own alleged harm in allowing the case to proceed against the City, "so that some discovery can proceed." (Doc. 24 at 8). The harm Guyger claims she will suffer if discovery against the City proceeds is improper as support for this factor.

Therefore, this factor weighs heavily against imposing a stay in the civil case.

### 4.   The private interests of and burden on Guyger.

While Guyger asserts no burden imposed on her by the civil case the possibility of self-incrimination she claims will harm her private interests is not unavoidable. The Fifth Circuit holds that "[t]he very fact of a parallel criminal proceeding . . . [does] not alone

undercut [the defendant's] privilege against self-incrimination, even though the pendency of the criminal action 'force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit.'" *Little Al*, 712 F.2d at 136 (quoting *Hoover v. Knight*, 678 F.2d 578, 581 (5th Cir. 1982)).

"A party asserting prejudice to his Fifth Amendment right must demonstrate 'more than the mere possibility of prejudice.' Allegations of prejudice to criminal cases from civil discovery are 'conclusory and insufficient to warrant a stay.' The movant should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient." *Gonzalez,* 571 F. Supp. 2d at 764 (quoting *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990)). In lieu of a stay, less drastic methods of protecting the defendant's interests include "sealing answers to interrogatories, sealing answers to depositions, . . . or limiting disclosure only to counsel."). *Id.* (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F.Supp.2d 1227, 1240 (N.D. Okla. 2003)).

Here, Guyger has not demonstrated more than the mere possibility that only a stay will avoid prejudicing her defense in the civil case. Indeed, less drastic remedies are sufficient to protect Guyger's concerns that invoking the Fifth Amendment may jeopardize her defense against Plaintiffs' claims. As noted above, a protective order could prevent evidence discovered in the civil case from being used in the criminal case. Moreover, the concern that the civil trial will expose Guyger's criminal defense strategy to the prosecution is not a concern this early in the stages of litigation, which is unlikely to proceed to trial before the criminal case. *Cf. Walker*, 2015 WL 5873392, at *8 (noting that

a civil trial may expose a defense strategy to the prosecution). Nor would proceeding with the suit against the City impose any burden on the City or Guyger, and Guyger has not provided any basis for staying the case against the City.

This factor, too, weighs against imposing a stay in the civil case.

### 5.    The interests of the court do not support staying the case.

Where one party to a suit is subject to criminal prosecution for the same conduct at issue in the civil action, a stay of discovery regarding that party may serve "the interest of the courts, because conducting the criminal proceedings first advances judicial economy." *Sec. & Exch. Comm. v. Offill*, Civ. No. 3:07-CV-1643-D, 2008 WL 958072, at *9 (N.D. Tex. Apr. 9, 2008) (Fitzwater, J.). However, "[a] court's interest regarding a stay is usually only considered where a civil case has spent substantial time on the court's docket, and no indictment has been issued in connection with a potential criminal proceeding." *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016) (court's interests did not favor a stay where the civil case had been on the docket less than seven months). Here, the civil case has only been on the Court's docket since October 26, 2018. Given that this case has not spent substantial time on the court's docket, and Guyger has already been indicted, the proposed stay here does not implicate the court's interests.

Thus, the court's interests do not weigh in favor of a stay.

### 6.    The interests of the public in staying the case are minimal.

Courts have noted that allowing a defendant to conduct discovery in the civil case, such as deposing witnesses, could enable the defendant "to gain advance notice of the

witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony." *Dominguez v. Hartford Fin. Servs. Group, Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008). However, the United States Supreme Court has reiterated that district courts have their "usual authority to manage discovery in a civil suit, including the power to enter. . . protective orders to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases." *Degen*, 517 U.S. at 826.

In Guyger's case, a protective order could prohibit the prosecution in the criminal case from using Guyger's deposition answers, interrogatory responses, and answers to requests for admissions given in the civil case. And these concerns disappear as they relate to the City, which is in no danger of parallel criminal prosecution. Even if this factor supported a stay of the trial, it would not support a stay of discovery as to the City. Discovery will need to be conducted at some point, and refusing to allow that discovery to go forward now against the City simply delays the discovery of relevant, or potentially relevant, information. It does not advance judicial economy. In short, pursuing a criminal action against Officer Guyger does not conflict with Plaintiffs' interest in an expeditious resolution of their claims against the City.

The sixth factor, therefore, weighs against imposing a stay in the case against the City and do not weigh in favor of a stay in the case against Guyger.

## CONCLUSION & PRAYER

Defendant Amber Guyger's concerns that a stay of the civil case is necessary to preserve her ability to defend herself against Plaintiffs' allegations evaporate in light of her admissions to these allegations by failing to respond to them. Guyger has never filed

an answer or pre-answer Rule 12 motion responding to Plaintiffs' Complaint, which was filed in October 2018. Given that the facts and misconduct alleged against Guyger are now undisputed, staying the lawsuit is unnecessary and would provide no apparent benefit to the parties. It would, however, prejudice and delay Plaintiffs. Alternatively, Plaintiffs' claims against Guyger do not present the "special circumstances" required to stay discovery during the criminal proceeding. Thus, this case should not be stayed.

For these reasons, Plaintiffs Bertrum Jean and Allison Jean, individually and as the surviving parents of Botham Jean, and Allisa E. Findley, as the Administrator of the Estate of Botham Jean, respectfully request that Defendant Amber Guyger's motion be denied.  Plaintiffs further request such other relief to which they may be justly and equitably entitled.

Respectfully submitted,

By: <u>   /s/ Daryl K. Washington   </u>

    **Daryl K. Washington**
    State Bar No. 24013714
    **WASHINGTON LAW FIRM, PC**
    325 N. St. Paul St., Suite 3950
    Dallas, Texas 75201
    214-880-4883
    214-751-6685 - fax
    dwashington@dwashlawfirm.com

    **S. Lee Merritt**
    State Bar No. PA 314891
    **MERRITT LAW FIRM, LLC**
    1910 Pacific Ave., Suite 11500
    Dallas, Texas 75201
    888-647-3041
    888-339-2050 (fax)
    slm@merrittatlaw.com

    and

    **Benjamin L. Crump**
    (PENDING PRO-HAC ADMISSION)
    **BEN CRUMP LAW, PLLC**
    122 S. Calhoun St.
    Tallahassee, Florida 32301
    850-224-2020
    ben@bencrump.com

    **ATTORNEYS FOR PLAINTIFFS**

<u>C<small>ERTIFICATE OF</small> S<small>ERVICE</small></u>

I hereby certify that on **April 12, 2019**, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Mark E. Goldstucker
Law Office of Mark E. Goldstucker
[mgoldstucker@gmail.com](mailto:mgoldstucker@gmail.com)
300 North Coit Road, Suite 1125
Richardson, Texas 75080

***Attorney for Defendant Amber Guyger***

*/s/ Daryl K. Washington*
**Daryl K. Washington**