United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| **Bertrum Jean et al.,** | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-02862-M |
| | § | |
| **The City of Dallas, Texas and** | § | |
| **Amber Guyger,** | § | |
| Defendants. | § | |

**Defendant Guyger's Reply to Plaintiffs' Response
to Defendant Amber Guyger's Motion to Stay**

Defendant Amber Guyger ("Guyger") files this reply to Plaintiffs' Response to Defendant Amber Guyger's Motion to Stay ("Plaintiffs" Response). Plaintiffs' Response does not establish that Defendant Amber Guyger's Motion to Stay this Action Pending Resolution of Her Criminal Case, and Brief in Support ("Motion to Stay") should not be granted.

**I.
ARGUMENT AND AUTHORITIES**

**A.**   ***Guyger Has Not Admitted the Allegations in Plaintiffs' Original Complaint***

Plaintiffs' primary argument against the Motion to Stay is that Guyger has admitted the allegations in Plaintiffs' Original Complaint because she did not file an answer or Rule 12 motion by the deadline contained in the Court's order granting Guyger an extension of time to March 22, 2019, to do so. (Pls.' Resp. at 2-10, 13, 18-19.) Plaintiffs' argument is without merit.

Guyger filed the Motion to Stay on March 22, 2019; it was therefore filed before the answer deadline expired. (*See* Ct.'s Docket.) In requesting that this action be stayed,

Guyger *specifically requested that her filing of an answer or Rule 12 motion be included in the stay*. (Mot. Stay at 2, 11.) Plaintiffs have cited no authority that a motion to stay filed prior to a defendant's answer deadline in lieu of an answer or Rule 12 motion results in the admission of the allegations in the complaint for failure to timely deny those allegations.

Instead, Plaintiffs have cited rules and cases that do not apply to Guyger's Motion to Stay. They first cite this Court's Local Rule 40.1 as support for their argument that Guyger's answer deadline expired without an answer or Rule 12 motion being filed and granting the Motion to Stay will not extend or revive that deadline. (Pls.' Resp. at 3, 4); N.D. Tex. L.R. 40.1. As Plaintiffs admit, however, Local Rule 40.1 applies to motions for continuance of trial settings. (Pls.' Resp. at 4 n.2); N.D. Tex. L.R. 40.1. Plaintiffs attempt to argue that "continuance" and "stay" are often used interchangeably, so Local Rule 40.1 should apply equally to motions to stay. (Pls.' Resp. at 4 n.2.) On the contrary, a simple reading of Local Rule 40.1 makes clear that, even if the terms are interchangeable in that context, the rule presumes pretrial deadlines are in effect and applies only to continuances of trial settings. N.D. Tex. L.R. 40.1. There is no scheduling order or trial setting in this action at this time. In addition, the rule provides that the presiding judge can order an extension or revival of a deadline. *Id.*

Plaintiffs next argue that, because Guyger did not file an answer or Rule 12 motion by March 22, 2019, and did not show good cause for an extension of that deadline, Rule 8(b) of the Federal Rules of Civil Procedure provides that she has admitted the allegations in Plaintiffs' Original Complaint. (Pls.' Resp. at 3, 5-7, 9); Fed. R. Civ. P. 8(b).

Again, Plaintiffs have cited no authority that, in lieu of filing an answer or Rule 12 motion, filing a motion to stay an action, including staying the filing of an answer or Rule 12 motion, prior to the expiration of the answer deadline results in the admission by a defendant of a plaintiff's allegations. The cases cited by Plaintiffs all hold that allegations that are not denied are deemed admitted, (Pls.' Resp. at 5-6), but as shown in this reply, none of those cases apply to Guyger because there has been no failure to timely answer or file a Rule 12 motion. The Motion to Stay in this action, with respect to seeking a stay of filing an answer or Rule 12 motion, is akin to a motion for extension of time – the difference being a motion for extension of time generally requests an extension to a specified date, while the Motion to Stay requests a stay until a specified occurrence.

As for showing good cause, the very nature of the basis for the Motion to Stay – staying the action until Guyger's criminal case is resolved – is good cause. More specifically, the showing in the Motion to Stay that the six factors courts consider when deciding a motion to stay weigh in favor of a stay establishes good cause. And the Affidavit of Robert Rogers (Guyger's attorney in the criminal case), contained as Exhibit B in the Appendix in Support of Defendant Amber Guyger's Motion to Stay this Action, is evidence supporting Guyger's good cause for and the propriety of a stay in this action. (App. Support of Def. Guyger's Mot. Stay, Ex. B.)

Plaintiffs' argument that a stay is not warranted because Guyger has admitted the allegations in Plaintiffs' Original Complaint is not supported by any relevant authorities and is without merit. The Motion to Stay should be granted.

**B.** ***The Court Should Stay this Action Pending Resolution of Guyger's Criminal Case***

In addressing the six factors courts consider in deciding a motion to stay, Plaintiffs contend that each factor either weighs in favor of not staying this action or does not weigh for or against a stay. (Pls.' Resp. at 11-18.) On the contrary, however, as shown by the analysis of these factors set forth in Motion to Stay (which is reurged but not repeated here), all six factors weigh in favor of a stay. (Mot. Stay at 4-11.)

Plaintiffs argue that methods other than a stay, such as protective orders and sealing answers to discovery, could be utilized in dealing with parallel proceedings. (Pls.' Resp. at 11, 13, 16, 18.) According to Plaintiffs, these alternative methods could, among other things, "mitigate" the negative impact to Guyger with respect to the most important factor, the degree to which the issues in the civil and criminal cases overlap. (*Id.* at 11.) These alternative methods, however, are not only highly burdensome, but they would not adequately protect Guyger's rights in either the criminal case or this action. In addition, there would be a risk that documents or testimony subject to a protective order or sealed could be inadvertently disclosed to someone not entitled to it. Guyger has been indicted for the first-degree felony of murder, and protecting her rights and assuring a fair trial in the criminal case is paramount.

Plaintiffs allege that a stay would prejudice them because witnesses' memories might fade or evidence might be lost. (*Id.* at 13-15.) Plaintiffs fail to identify any witnesses whose memory might fade or acknowledge that most of the witnesses in this action are also witnesses in the criminal case. If a stay is granted, those witnesses' recollections will remain fresh because of the criminal case.

Plaintiffs improperly state, in arguing against a stay, that "Guyger has scrubbed

her social media accounts to remove posts containing statements potentially adverse to Guyger's defense," and that the Dallas Police Department "even fed misinformation to the media in a preemptive attempt to provide the public the City's and Guyger's own version of the events, bolster Guyger's defense, and paint Jean in a negative light before the investigation could occur." (*Id.* at 14.) Plaintiffs continue:

> [T]here is no reason to allow Guyger or the City additional time to prevent Plaintiffs from obtaining testimony and documentary evidence from witnesses, whose memories may be altered by news coverage and the DPD's misinformation. Acquiring such information "while it is still fresh" [ ], before Guyger or the DPD has a chance to remove it, is of great concern to Plaintiffs.

(*Id.* at 14-15.) Guyger objects to these inflammatory and prejudicial statements because they are not supported by evidence and they contain inadmissible hearsay and speculation. The Court should not consider these statements in deciding the Motion to Stay.

Guyger has established in the Motion to Stay and this reply that the relevant factors weigh in favor of granting a stay of this action, and Plaintiffs have not shown otherwise. The Motion to Stay should therefore be granted.

## II.
## CONCLUSION

Guyger has not admitted the allegations in Plaintiffs' Original Complaint by not timely denying those allegations. And, as shown in the Motion to Stay and this reply, the interest of Guyger's receiving a fair criminal trial and the interests outlined in the Motion to Stay weigh in favor of staying this action until the completion of Guyger's criminal case.

**Wherefore**, Defendant Amber Guyger requests that the Motion to Stay be granted,

that this action, including Guyger's filing of an answer or Rule 12 motion, be stayed pending resolution of the criminal case against Guyger, and that Guyger be granted all other relief to which she is entitled.

Respectfully submitted,

 s/ Mark E. Goldstucker
**Mark E. Goldstucker**
State Bar of Texas No. 08104100
Law Office of Mark E. Goldstucker
300 North Coit Road, Suite 1125
Richardson, Texas 75080
Telephone: 972-479-1112
Fax: 972-479-1113
mgoldstucker@gmail.com

**Attorney for Defendant Amber Guyger**

## Certificate of Service

On April 26, 2019, a copy of the foregoing document was served electronically through the Court's ECF system on all counsel of record.

 s/ Mark E. Goldstucker
**Mark E. Goldstucker**