IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, individually and as the surviving father of Bothan Shem Jean, ALLISON A. JEAN, individually and as the surviving mother of Botham Shem Jean, and ALLISON E. FINDLEY as the Administrator of the Estate of Botham Shem Jean,<br>   Plaintiffs,<br><br>v.<br><br>THE CITY OF DALLAS, TEXAS, and AMBER GUYGER,<br>   Defendants. | §§§§§§§§§§§§§§§§ | Civil Action No. 3:18-CV-2862-M<br><br><br>Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Defendant Amber Guyger's Motion to Stay this Action Pending Resolution of her Criminal Case, and Brief in Support*, filed March 22, 2019 (doc. 24). Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I. BACKGROUND**

On October 26, 2018, Bertrum Jean and Allison A. Jean, individually and as the surviving parents of Botham Shem Jean (Jean), and Allisa E. Findley, as the administrator of the estate of Botham Shem Jean (collectively, Plaintiffs), filed this lawsuit against the City of Dallas (the City) and former Dallas Police Officer Amber Guyger (Officer) under 42 U.S.C. § 1983 for violations of Jean's Fourth Amendment rights. (docs. 1; 5 at 1-2.)[2] They seek actual damages, exemplary damages against Officer, pre-judgment and post-judgment interest, court costs, and attorney's fees.

---

[1] By *Standing Order of Reference* . . . filed January 17, 2019 (doc. 15), this case was referred for pretrial management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(doc. 5 at 25-27.)

On September 6, 2018, Officer returned to her apartment complex after working a thirteen-hour patrol shift. (*Id*. at 4-5.) After arriving at the complex, she walked to apartment number 1478, which was Jean's apartment, not hers. (*Id*. at 5.) She opened the door to the apartment and "discovered Jean in a seated position on his sofa." (*Id*. at 6.) Officer drew her service weapon and shot Jean in the chest "although he was unarmed and not attempting to harm her or any other person." (*Id*.) Officer then called her attorney and 9-1-1 to report the incident. (*Id*.) Paramedics and additional law enforcement personnel arrived on scene and began treating Jean, but he died after being transported to a nearby hospital. (*Id*. at 7.) On November 30, 2018, a Dallas County grand jury indicted Officer for murder. (doc. 25 at 5, 7.) The criminal case is pending under state cause number F-1800737, and was initially set for trial on August 12, 2019. (*Id*. at 3, 5, 7.)

On January 8, 2019, Officer signed a waiver of service, giving her until March 8, 2019 to respond to Plaintiffs' complaint in this case. (doc. 14.) On March 8, 2019, Officer filed a motion to extend time to file her answer or motion in response to the complaint, which was granted, and her deadline was extended until March 22, 2019. (docs. 22, 23.) On that date, Officer filed a motion to stay this case until her criminal case is resolved, claiming that the necessary "special circumstances" have been met. (doc. 24.) Plaintiffs filed their response on April 12, 2019, and Officer filed her reply on April 26, 2019. (docs. 27-28.)

## II. ANALYSIS

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v.*

*First Fin. Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981)).

> As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, [j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed unstayed.

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)) (internal quotations omitted). Additionally, [i]n the proper case the trial judge should use [her] discretion to narrow the range of discovery" rather than staying the entire case." *Campbell*, 307 F.2d at 487.

In determining whether "special circumstances" warrant a stay of an action pending parallel criminal proceedings, courts in this district have considered six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Walker v. Witburn*, No. 3:12-CV-4896-D, 2015 WL 5873392, at *5 (N.D. Tex. Oct. 5, 2015) (citing cases); *see also Librado v. M.S. Carriers, Inc.*, No. Civ.A. 3:02-CV-2095D, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 05, 2002) (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D. N.Y. 1995) & *Volmar Distribs., Inc. v. The N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D. N.Y. 1993)); *Heller Healthcare Fin., Inc. v. Boyes*, No. Civ.A. 300CV1335D, 2002 WL 1558337, at *2–3 (N.D. Tex. July 15, 2002).

A.  **Overlap of Issues**

The first factor to be considered is the extent to which the issues in the civil case overlap

with the issues in the criminal case. *See Walker*, 2015 WL 5873392, at *6 (citing cases); *Librado*, 2002 WL 31495988, at *2 (citing *Volmar Distribs.*, 152 F.R.D. at 39 (quoting *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (Pollack, J.) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.")). "'If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay.'" *Id.* (quoting *Transworld Mech.*, 886 F. Supp. at 1139).

Here, it is undisputed that the issues in both the civil and criminal proceedings concern the circumstances surrounding the shooting of Jean. Although it is undisputed that the proceedings concern the same circumstances, Plaintiffs assert that any negative impact caused by this overlap can be mitigated without staying the case against Officer. (doc. 27 at 16.) However, courts have consistently found that when issues in civil and criminal actions substantially overlap, as they do here, this factor weighs in favor of staying the action until the conclusion of the criminal case. *See Arevalo v. City of Farmers Branch*, No. 3:16-CV-1540-D, 2017 WL 1153230, at *14 (N.D. Tex. Mar. 28, 2017) (finding substantial overlap of issues in civil and criminal actions weighing in favor of staying a civil case); *Walker*, 2015 WL 5873392, at *7, 9 (same); *Frierson v. City of Terrell*, No. Civ.A. 3:02CV2340-H, 2003 WL 21355969, at *3 (N.D. Tex. June 6, 2003); *Librado*, 2002 WL 31495988, at *2 (same). Because the criminal and civil cases both arise from the same conduct, this factor weighs in favor of stay.

**B.** **<u>Status of the Criminal Case</u>**

The next factor to be considered is the status of the criminal case. *Walker*, 2015 WL 5873392, at *7; *Librado*, 2002 WL 31495988, at *2.

"'A stay of a civil case is most appropriate where a party to the civil case has already been

4

indicted for the same conduct.'" *Walker*, 2015 WL 5873392, at *7 (quoting *Librado*, 2002 WL 31495988, at *2); *see also Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D. N.Y. 1995).

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Librado*, 2002 WL 31495988, at *2 (quoting *Transworld Mech.*, 886 F. Supp. at 1139); *cf. Walsh Sec., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F. Supp. 2d 523, 527 (D. N.J. 1998); *In re Adelphia Comm. Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *3–4 (E.D. Pa. May 13, 2003).

Here, the parties agree that Officer has been indicted based on the same conduct that is the basis for Plaintiffs' claims in this civil suit. (docs. 24 at 11; 25 at 5; 27 at 18.) Plaintiffs again assert that even though Officer was indicted, "the risk that she may make incriminating statements may be mitigated." (doc. 27 at 18.) As with the first factor, courts have also consistently determined that an officer's indictment weighs in favor of stay. *See Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *6 (W.D. Tex. Feb. 1, 2016); *Walker*, 2015 WL 5873392, at *7; *Frierson*, 2003 WL 21355969, at *3; *Librado*, 2002 WL 31495988, at *2. Because Officer has been indicted, this factor weighs in favor of stay of the claims against her. *Id*.

C.  **Private Interests of Plaintiffs Weighed Against the Prejudice Caused by Delay**

The plaintiff's interests "in proceeding expeditiously [must also be weighed] against the prejudice that will be caused by the delay that will result from the stay." *Walker*, 2015 WL 5873392, at *7; *Librado*, 2002 WL 31495988, at *2. "Generally a 'civil plaintiff has an interest in the prompt resolution of his claims.'" *SEC v. Mutuals.com, Inc.*, No. Civ.A. 3:03-CV-2912-D 2004

5

WL 1629929, at *3 (N.D. Tex. July 20, 2004) (quoting *SEC v. Mersky*, No. Civ. A. 93-5200, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). "Normally, in evaluating the plaintiff's burden resulting from the stay, [however,] courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009) (internal quotation marks omitted). Moreover, "courts have found that plaintiffs will not be unduly prejudiced by a stay where the criminal trial is expected to occur within the year. *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *6 (W.D. Tex. Feb. 1, 2016) (citing *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, No. H-01-3624, 2003 WL 25508889, at *9 (S.D. Tex. 2003)).

Plaintiffs argue that this factor weighs against granting a stay because their inability to seek discovery from Officer will prevent them from acquiring information while it is still available and "fresh," and "could also significantly delay and prejudice their ability to obtain relief" because evidence and witnesses may become unavailable. (doc. 27 at 19-20.) They also appear to argue that the prejudice to them outweighs any prejudice to Officer "because by failing to deny (or even respond to) any of the allegations in [their] complaint," she has admitted the allegations against her. (*Id*. at 7-9.)

While Plaintiffs appear to assert that prejudice to them will be greater than prejudice to Officer, any prejudice to them that would result from granting this motion to stay "presents, at worst, a modest increase in the length of litigation." *United States v. $229,590 in U.S. Currency Seized from a Safe in the Home of Dallas Cnty. Commissioner John Wiley Price*, No. 3:12-CV-0893-D, 2013 WL 625742, at *4 (N.D. Tex. Feb. 20, 2013); *cf. In re Enron*, 2006 WL 3316876, at *2–3 (finding that a stay entered until all criminal proceedings were completed postponed the defendants'

6

obligations to answer complaints). Plaintiffs do face prejudice from not having obtained discovery, but Officer would suffer greater "prejudice were discovery allowed from [her], making factor four weigh more strongly in favor of a stay." *Arevalo*, 2017 WL 1153230, at *14 (citing *Walker*, 2015 WL 5873392, at *4). "It is commonly understood that a prosecutor might (if not will) obtain information from parallel civil litigation that is not discoverable in a criminal case." *Id*. This concern is often relied upon "to stay civil discovery and proceedings until parallel criminal proceedings are resolved," and any prejudice to Plaintiffs "is offset by additional prejudice to Officer . . . ." *Id*. Additionally, Officer's trial is expected to occur within the year, and while Plaintiffs express concern that the evidence and witnesses "in their case may be affected by a stay, they have not alleged that any witnesses to the incident will be unable to testify if a stay is granted, nor that any particular evidence will degrade or become unreliable if a stay is granted." *Meyers*, 2016 WL 393552, at *6. Because "Plaintiffs are not likely to face any significant prejudice if a stay is granted," this factor also weighs in favor of stay. *Id*.; *see Arevalo*, 2017 WL 1153230, at *14.

**D.    Interests of the Defendants**

The fourth factor to be considered is the private interests of the defendants in securing the stay and the burden that would result if the stay is denied. *Walker*, 2015 WL 5873392, at *8; *Librado*, 2002 WL 31495988, at *3. "'[A]bsent a stay, [Officer] faces a conflict between asserting [her] Fifth Amendment rights and fulfilling [her] legal obligations as a witness in this civil action.'" *Walker*, 2015 WL 5873392, at *7 (quoting *Librado*, 2002 WL 31495988, at *3). While Plaintiffs assert that there are "less drastic remedies" to protect Officer's conflict, courts recognize that "'[t]his conflict may be largely, if not completely, eliminated by granting a stay.'" *Id*. "Additionally, Officer . . . has an interest in staying the civil trial to avoid exposing her criminal defense strategy to the

prosecution." *Id.* (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 n.11 (2d Cir. 2012)); *Alcala*, 625 F. Supp. 2d at 397 (holding that "a stay may be justified in order to prevent . . . exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case"). Accordingly, Officer's private interest weighs in favor of stay. *See Walker*, 2015 WL 5873392, at *7; *see also Meyers*, 2016 WL 393552, at *7.

**E.     Interests of the Court**

The interests of the Court is also considered when determining whether to grant a motion to stay. *See Walker*, 2015 WL 5873392, at *9; *Librado*, 2002 WL 31495988, at *3. On the one hand, "courts have a strong interest in moving matters expeditiously through the judicial system." *SEC v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A, 2011 WL 4398443, at *4 (N.D. Tex. Sept. 20, 2011). On the other hand, granting a stay "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." *SEC v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) 2008 WL 958072, at *3 (citing *Pollack, Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)). "Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Parallel Proceedings*, 129 F.R.D. at 204. Additionally, "granting a stay will not unduly interfere with the [C]ourt's management of its docket." *Walker*, 2015 WL 5873392, at *9 (quoting *Heller Healthcare*, 2002 WL 1558337, at *3). Accordingly, the Court's interests do not weigh against a stay. *See Frierson*, 2003 WL 21355969, at *4; *Librado*, 2002 WL 31495988, at *3.

8

## F. Public Interest

Finally, the public interest must also be considered in determining whether to grant a motion to stay. *See Walker*, 2015 WL 5873392, at *9; *Librado*, 2002 WL 31495988, at *3. "'The public has an interest in the just and constitutional resolution of disputes with minimal delay.'" *Walker*, 2015 WL 5873392, at 9 (quoting *Kiselak Capital Grp.*, 2011 WL 4398443, at *4); *see also Alcala*, 625 F. Supp. 2d at 407. "Typically, this factor only weighs against the grant of a stay where a civil case is pending and no criminal investigation has begun." *Meyers*, 2016 WL 393552, at *7 (citing cases). As noted, Officer has been indicted and a trial date has been set. "While the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Id*. Denying a stay here risks violating Officer's constitutional rights in the criminal proceeding against her, "and staying the instant civil case will not significantly delay its resolution . . . ." *Id*. Accordingly, this factor also weighs in favor of stay. *Id*.; *see Frierson*, 2003 WL 21355969, at *4; *Librado*, 2002 WL 31495988, at *3.

In conclusion, because each of the factors weighs in favor of a stay, this action will be stayed only against Officer pending resolution of her criminal proceedings."[3] *See Walker*, 2015 WL 5873392, at *9; *Frierson*, 2003 WL 21355969, at *4.

### III. CONCLUSION

The motion to stay is **GRANTED**, and this civil action is **STAYED** only against Officer until she is either convicted and sentenced or acquitted, or the charges are dropped in the state

---

[3] In their response, Plaintiffs also assert that Officer's motion to stay should be denied to the extent she seeks to stay the civil proceedings against the City. (*See* doc. 27 at 15 n.8.) Officer's reply does not specifically address this assertion. (*See* doc. 28.) Because Officer's motion does not specifically mention the City, or brief the propriety of a stay of this action against the City, it is not construed as also seeking to stay this action against the City. Notably, a recommendation that Plaintiffs' claims against the City be dismissed is currently pending. (*See* docs. 7; 33.)

criminal proceeding. If she is sentenced, the stay terminates upon sentencing. If she is acquitted, the stay terminates upon the return of a not guilty verdict. If the charges are dropped, the stay terminates upon dismissal of the charges.

**SO ORDERED** on this 22nd day of September, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE