United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| **Bertrum Jean et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:18-cv-2862-M |
| v. | § | |
| | § | **Jury Demanded** |
| **The City of Dallas, Texas and** | § | |
| **Amber Guyger,** | § | |
| | § | |
| Defendants. | § | |

### Defendant Amber Guyger's Original Answer

Defendant Amber Guyger ("Guyger") files this original answer to Plaintiffs' Original Complaint ("Complaint"), and shows the following:

### Answer to Plaintiffs' Allegations

1.      Guyger denies the allegations contained in paragraph 1 of the Complaint, except that Guyger admits that Plaintiffs have brought this action against the City of Dallas, Texas, and Amber Guyger. Guyger further denies that Plaintiffs have stated a claim upon which relief can be granted and denies that Plaintiffs are entitled to redress for their purported claims.

2.      Guyger admits the allegation contained in the first sentence of paragraph 2 of the Complaint that the Dallas City Council is the City of Dallas's final policymaker, and denies the remaining allegations contained in paragraph 2.

3.      Guyger denies the allegations contained in paragraph 3 of the Complaint, and further denies that Plaintiffs have stated a claim upon which relief can be granted and denies that Plaintiffs are entitled to redress for their purported claims.

4. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except that Guyger admits that Bertrum Jean is a Plaintiff in this action.

5. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except that Guyger admits that Allison A. Jean is a Plaintiff in this action.

6. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except that Guyger admits that Allisa E. Findley is a Plaintiff in this action.

7. Guyger admits the allegations contained in the first, second, and third sentences of paragraph 7 of the Complaint. Guyger denies the allegations contained in the fourth sentence of paragraph 7. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 7.

8. Guyger denies the allegations contained in the first sentence of paragraph 8 of the Complaint. Guyger admits the allegations contained in the second sentence of paragraph 8 of the Complaint. No response is necessary to the third sentence of paragraph 8.

9. Guyger admits the jurisdictional allegations contained in paragraph 9 of the Complaint, but Guyger denies that Plaintiffs have stated a claim upon which relief can be granted and denies that Plaintiffs are entitled to redress for their purported claims.

10. Guyger admits the venue allegation contained in paragraph 10 of the Complaint, but Guyger denies that Plaintiffs have stated a claim upon which relief can be granted and denies that Plaintiffs are entitled to redress for their purported claims.

11. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Guyger admits the allegations contained in paragraph 12 of the Complaint.

13. Guyger admits the allegations contained in the first, second, and fifth sentences of paragraph 13 of the Complaint. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 13.

14. Guyger denies the allegations contained in the first, second, eighth, and ninth sentences of paragraph 14 of the Complaint. Guyger admits the allegations contained in the third sentence of paragraph 14. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth, fifth, sixth, and seventh sentences of paragraph 14.

15. Guyger admits the allegations contained in the first sentence of paragraph 15 of the Complaint. Guyger denies the allegations contained in the remainder of that paragraph, except that Guyger admits that she shot Botham Jean ("Jean") in the chest.

16. Guyger denies the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 16 of the Complaint, except that Guyger admits that she was aware she had struck Jean with at least one round from her service weapon and that she called 911 to report the shooting. Guyger denies as stated the allegations contained in the sixth sentence of paragraph 16 and admits that Jean remained on the ground and was still breathing.

17. Guyger admits the allegations contained in paragraph 17 of the Complaint.

18. Guyger denies the allegations contained in paragraph 18 of the Complaint.

19. Guyger denies the allegations contained in the first sentence of paragraph 19 of the Complaint. Guyger admits the allegations contained in the second sentence of that paragraph.

20. Guyger admits the allegations contained in the first and second sentences of paragraph 20 of the Complaint. Guyger denies the allegations contained in the third sentence of that paragraph.

21. Guyger admits the allegations contained in the first and second sentences of paragraph 21 of the Complaint. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of that paragraph, except that Guyger admits that Jean died at the hospital.

22. Guyger denies the allegations contained in paragraph 22 of the Complaint, except that Guyger admits that she was not placed under arrest, she placed phone calls, and she entered her apartment.

23. Guyger denies the allegations contained in paragraph 23 of the Complaint.

24. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Guyger admits the allegations contained in the first sentence of paragraph 26 of the Complaint, except that she denies that either shooting was "suspicious." Guyger denies the allegations contained in the second, third, fourth, and fifth sentences of that paragraph, except that Guyger admits that she sometimes clicked "Like" on posts appearing on her Pinterest account, such as those contained in paragraph 26. Guyger is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of paragraph 26 of the Complaint, except that Guyger admits that she never reprimanded for social media account. Guyger denies the allegations contained in the seventh and eighth sentences of paragraph 26.

27. Guyger denies the allegations contained in paragraph 27 of the Complaint.

28. Guyger denies the allegations contained in paragraph 28 of the Complaint.

29. Guyger denies the allegations contained in paragraph 29 of the Complaint.

30. Guyger denies the allegations contained in paragraph 30 of the Complaint.

31. Guyger denies the allegations contained in paragraph 31 of the Complaint.

32. Guyger denies the allegations contained in paragraph 32 of the Complaint.

33. Guyger denies the allegations contained in paragraph 33 of the Complaint.

34. Guyger admits the allegations contained in paragraph 34 of the Complaint.

35. Guyger denies, as stated, the allegations contained in paragraph 35 of the Complaint, and admits that she used deadly force.

36. Guyger denies the allegations contained in paragraph 36 of the Complaint.

37. Guyger denies the allegations contained in the first and fourth sentences of paragraph 37 of the Complaint. Guyger admits the first allegation and is without knowledge or information sufficient to form a belief as to the truth of the second allegation in the second sentence of that paragraph. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 37.

38. Guyger denies the allegations contained in paragraph 38 of the Complaint.

39. Guyger denies the allegations contained in paragraph 39 of the Complaint.

40. Guyger denies the allegations contained in paragraph 40 of the Complaint.

41. Guyger denies the allegations contained in paragraph 41 of the Complaint.

42. Guyger denies the allegations contained in paragraph 42 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

43. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, but denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

45. Guyger denies the allegations contained in paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, Guyger restates and incorporates by reference paragraphs 1-45 set forth above.

47. Guyger denies the allegations contained in paragraph 47 of the Complaint.

48. Guyger denies the allegations contained in the first and third sentences of paragraph 48 of the Complaint. Guyger admits the allegation contained in the second sentence of that paragraph.

49. Guyger denies the allegations contained in paragraph 49 of the Complaint.

50. Guyger denies the allegations contained in paragraph 50 of the Complaint.

51. Guyger denies the allegations contained in paragraph 51 of the Complaint.

52. Guyger denies the allegations contained in paragraph 52 of the Complaint, and

denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

53. Guyger denies the allegations contained in paragraph 53 of the Complaint.

54. In response to the first sentence of paragraph 54 of the Complaint, Guyger restates and incorporates by reference paragraphs 1-53 set forth above. Guyger denies the allegations contained in the remainder of paragraph 54 of the Complaint.

55. Guyger denies the allegations contained in paragraph 55 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

56. Guyger denies the allegations contained in paragraph 56 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

57. Guyger denies the allegations contained in paragraph 57 of the Complaint.

58. Guyger denies the allegations contained in paragraph 58 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

59. Guyger denies the allegations contained in paragraph 59 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested

by Plaintiffs against Guyger.

60. Guyger denies the allegations contained in paragraph 60 of the Complaint.

61. Guyger denies the allegations contained in paragraph 61 of the Complaint.

62. Guyger denies the allegations contained in paragraph 62 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

63. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Guyger denies the allegations contained in paragraph 64 of the Complaint.

65. Guyger denies the allegations contained in paragraph 65 of the Complaint.

66. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Guyger denies the allegations contained in paragraph 67 of the Complaint.

68. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Guyger denies the allegations contained in paragraph 71 of the Complaint.

72. Guyger denies the allegations contained in paragraph 72 of the Complaint.

73. With respect to paragraph 73 of the Complaint, Guyger states that the DPD's

general orders, including the order referred to by Plaintiffs in that paragraph, speak for themselves.

74. Guyger admits the allegations contained in paragraph 74 of the Complaint. With respect to the second sentence of paragraph 74, Guyger states that the DPD's general orders, including the order referred to by Plaintiffs in that sentence, speak for themselves.

75. Guyger denies the allegations contained in paragraph 75 of the Complaint.

76. Guyger denies as stated the allegations contained in paragraph 76 of the Complaint.

77. With respect to paragraph 77 of the Complaint, Guyger states that the DPD's general orders, including the order referred to by Plaintiffs in that paragraph, speak for themselves.

78. With respect to paragraph 78 of the Complaint, Guyger states that the DPD's general orders, including the order referred to by Plaintiffs in that paragraph, speak for themselves.

79. Guyger denies the allegations contained in paragraph 79 of the Complaint.

80. Guyger denies the allegations contained in paragraph 80 of the Complaint.

81. Guyger denies the allegations contained in paragraph 81 of the Complaint.

82. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 82 of the Complaint. Guyger denies the allegations contained in the second sentence of that paragraph, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

83. Guyger denies the allegations contained in paragraph 83 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

84. In response to paragraph 84 of the Complaint, Guyger restates and incorporates by reference paragraphs 1-83 set forth above.

85. Guyger denies the allegations contained in paragraph 85 of the Complaint.

86. Guyger denies the allegations contained in paragraph 86 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

87. In response to the first sentence of paragraph 87 of the Complaint, Guyger restates and incorporates by reference paragraphs 1-86 set forth above. Guyger denies the remaining allegations contained in paragraph 87 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

88. Guyger denies the allegations contained in paragraph 88 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

89. Guyger denies the allegations contained in paragraph 89 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory

damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

90. Guyger denies the allegations contained in paragraph 90 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

91. Guyger denies the allegations contained in paragraph 91 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

92. Guyger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, but denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

93. Guyger denies the allegations contained in paragraph 93 of the Complaint, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

94. Paragraph 94 of the Complaint contains a jury demand to which no response is necessary. Guyger also demands a trial by jury.

95. Guyger denies the allegations contained in paragraph 95 of the Complaint, the prayer. Guyger further denies that Plaintiffs have stated a claim upon which relief can be

granted, and denies that Plaintiffs are entitled to any of the relief – including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest – requested by Plaintiffs against Guyger.

**Affirmative Defenses**

96. Guyger affirmatively pleads that Plaintiffs have failed to state a claim against Guyger upon which relief can be granted.

97. Guyger affirmatively pleads that she did not engage in any conduct that violated Plaintiffs' constitutional rights.

98. Guyger affirmatively pleads that all actions taken by Guyger with respect to the events on which this action is based were in good faith and consistent with applicable law.

99. Guyger affirmatively pleads that the actions taken by her with respect to the events on which this action is based were not taken within the course and scope of her authority as a City of Dallas police officer, but rather were taken as a private citizen.

100. In the event Guyger is found to have acted within the course and scope of her authority as a City of Dallas police officer (which she denies), Guyger affirmatively pleads, alternatively to the foregoing paragraph 99, the following:

    a. All actions taken by Guyger with respect to Plaintiffs and the events on which this action is based were in good faith and pursuant to and in accordance with proper police procedures and state and federal laws.

    b. Plaintiffs have failed to allege any physical injury sustained by Plaintiffs that resulted directly and only from the use of force by Guyger that was clearly excessive to the need and that was objectively unreasonable.

    c. Guyger is entitled to qualified immunity. At all relevant times, Guyger

was acting in good faith and, if acting within the course and scope of her authority as a City of Dallas police officer, she did not violate clearly established law of which a reasonable person would have known, and a reasonable officer could have believed that her actions were lawful in light of clearly established law and the information she possessed at the time. Specifically, Guyger further pleads the following as part of her qualified immunity defense:

> i.   On September 6, 2018, after ending her shift as a City of Dallas police officer, Guyger was going home to her apartment located at 1210 S. Lamar Street, Apt. 1378, Dallas, Texas. Guyger was still in her police uniform.
>
> ii.  When Guyger arrived at the parking garage, she inadvertently parked her vehicle on the fourth floor of the garage. Without realizing it, she then entered the apartment building on the fourth floor and walked down the fourth floor hallway to number 1478, which was the apartment one floor directly above her apartment.
>
> iii. Still unaware that she was on the fourth floor and not the third floor, Guyger put her key in the door lock of apartment 1378 and noticed that the door was already slightly open. When she opened the door the rest of the way to go in, she saw a man she did not know standing in the apartment. Guyger believed she was in her apartment and the man, later identified as Botham Jean, had broken in. When Jean ignored her commands and started moving toward her, she drew her service firearm and shot him in the chest.
>
> iv.  Upon being shot, Jean fell to the floor. Guyger then realized that she was not in her apartment. She called 911 and reported the shooting.

        Emergency medical personnel and a number of police officers arrived in response to the 911 call. Jean was transported to the hospital, where he later died from his gunshot wound.

        v.      Guyger told the responding officers what had occurred and that she had thought she was in her own apartment.

        vi.      Guyger asserts that, based upon the information known to her at the time, she reasonably believed that she had entered her own apartment, that Jean unlawfully and with force had entered her apartment, and that the use of deadly force was therefore immediately necessary.

        vii.      Guyger further asserts that she used only that amount of force that was objectively reasonable and necessary under the circumstances known to her at the time. Based on the foregoing, in the event Guyger is found to have acted in the course and scope of her authority as a City of Dallas police officer, she is entitled to qualified immunity as to Plaintiffs' claims.

## **Jury Demand**

101.    Guyger demands a trial by jury.

**Wherefore,** Defendant Amber Guyger prays that Plaintiffs take nothing by this suit, that all relief requested by Plaintiffs be denied, that Guyger recover her attorney's fees and all costs of court, and that Guyger be awarded all other relief to which she is entitled.

Respectfully submitted,

  s/ Mark E. Goldstucker
**Mark E. Goldstucker**
State Bar of Texas No. 08104100
Email: mgoldstucker@gmail.com

Law Office of Mark E. Goldstucker
300 North Coit Road, Suite 1125
Richardson, Texas 75080
Telephone: 972-479-1112
Fax: 972-479-1113

Attorney for Defendant Amber Guyger

### Certificate of Service

On January 16, 2020, a copy of the foregoing document was served electronically through the Court's ECF system on all counsel of record, and by U.S. mail on Defendant Amber Guyger, TDCJ Number 02283505, Mountain View Unit, 2305 Ransom Road, Gatesville, TX 76528.

  s/ Mark E. Goldstucker
**Mark E. Goldstucker**