IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERTRUM JEAN, et al., | : :  : : |
| Plaintiffs, v. | Civil Action No. 3:18-cv-2862 |
| THE CITY OF DALLAS, TEXAS, et al., | : : |
| Defendants. | : : : : |

**PLAINTIFFS' MOTION TO ALTER OR RELIEF FROM JUDGMENT AND FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs, by and through undersigned counsel, hereby file this Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59(e) and 60 and for Leave to File an Amended Complaint pursuant to Rule 15. In support thereof, Plaintiffs rely on the attached Memorandum of Law.

Respectfully submitted,

   /s/ S. Lee Merritt
S. Lee Merritt
MERRITT LAW FIRM, LLC
1910 Pacific Ave., Suite 8000
Dallas, TX. 75201
888-647-3041
214-593-1952 -fax
Lee@leemerrittatesq.com

Benjamin L. Crump
BEN CRUMP LAW PLLC
122 S. Calhoun St.240
N Magnolia Drive
Tallahassee, FL 32301
850-224-2020
ben@bencrump.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERTRUM JEAN, et al., | : |
| Plaintiffs, v. | : Civil Action No. 3:18-cv-2862 |
| THE CITY OF DALLAS, TEXAS, et al., | : |
| Defendants. | : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO ALTER OR FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE AN <u>AMENDED COMPLAINT</u>**

The Fifth Circuit has held that a District Court should not dismiss an action for failure to state a claim without giving a plaintiff at least one chance to amend the complaint. Therefore, the Court should vacate judgment entered in favor of Defendant, the City of Dallas and permit Plaintiffs to file the attached Proposed Amended Complaint.

I.   **Procedural History**

On October 26, 2018, a Complaint was filed in this matter alleging in part civil rights violations by Defendant the City of Dallas, Texas. (ECF No. 1.) In response, the City of Dallas filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 7.) Plaintiffs responded to the Motion and the City filed a Reply. (ECF Nos. 9, 13.) Thereafter, Magistrate Judge Carrillo Ramirez issued Findings, Conclusions, and

Recommendation regarding the Motion to Dismiss. (ECF No. 33.) Magistrate Judge Carrillo Ramirez found that Plaintiffs had failed to plead sufficient evidence of a custom, policy, or practice of the City of Dallas, and recommended that the Complaint be dismissed with prejudice. (*Id.*) On December 23, 2019, this Court adopted the findings and recommendations of Magistrate Judge Carrillo Ramirez without additional analysis and dismissed Plaintiffs' claims against the City of Dallas with prejudice. (ECF No. 40.) Concurrently, this Court entered Partial Judgment on behalf of the City of Dallas. (ECF No. 41.) Plaintiffs now move for relief from judgment pursuant to Rule 60 and for leave to file an amended complaint pursuant to Rule 15.

II.     **Legal Standard**

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment upon motion made within 28 days of the entry of judgment. The scope of relief under Rule 59(e) is unrestricted, in that a court may alter or amend the judgement for any purpose for which justice requires. *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010). Federal Rule of Civil Procedure 60 permits a Court to relieve a party from a judgment. Such relief may be granted upon a motion made within a reasonable time, no more than a year after the entry of judgment. *Id.* The Court may grant a Rule 60 motion for any reason that justifies relief. Fed.R.Civ.P. 60(b)(6).[1]

---

[1] Plaintiffs have previously filed a Notice of Appeal. A properly filed Rule 59(e) motion voids a previously-filed notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), while a Rule 60 motion does not. Williams, 602 F.3d at 303 (*citing Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 666 (5th Cir. 1986) (en banc)). Regardless, Plaintiffs are concurrently filing a Motion to Withdraw their Notice of Appeal.

III.     Argument

The Court dismissed Plaintiffs' Complaint with prejudice and entered judgment on behalf of Defendant the City of Dallas but precedent requires the Court give Plaintiffs leave to file an Amended Complaint.  *See De La Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 1000 (5th Cir. 2018) (reversing denial of leave to amend and holding court's discretion "is considerably less" when considering whether to allow amendment because Rule 15 requires leave to be given "freely") (citing cases). A court "should not dismiss an action under Rule 12(b)(6) because it fails to state a claim upon which relief may be granted… without giving plaintiffs at least one chance to amend the complaint."   *Thomas v. Exxon Mobil Corp.*, Civ. No.: 16-15750, 2017 U.S. Dist. LEXIS 62369, *6 (E.D. La. April 25, 2017) (quoting *Hernandez v. Ikon Office Solution, Inc.*, 306 F.App'x 180, 182 (5th Cir. 2009)).  Indeed, given the "consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings," Fifth Circuit cases "support the premise that granting leave to amend is especially appropriate when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (cleaned up) (quoting *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977) (per curium)).  Thus, plaintiffs should be afforded "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id.*; *Pierce v. Hearne Indep. Sch. Dist.*, 600 Fed. Appx. 194, 200 (5th Cir. 2015); *Gurganus v. Furniss*, Civ. No. 3:15-cv-03964-M, 2016 U.S.Dist. LEXIS 90511, *17 (N.D.Tex. July 13, 2016) (Lynn, J.).

Here, Plaintiffs requested leave to amend their Complaint if the Court found their pleadings insufficient. *See* Pl. Resp. and Obj. at 31; ECF No. 9; *see also* M.J. Carrillo Ramirez's Findings, Conclusions, and Recommendation at fn. 10; ECF No. 33. But the Court dismissed Plaintiffs' claims against the City with prejudice, thereby foreclosing the possibility of a curative amendment. In *Foman v. Davis*, the Supreme Court held there are only certain permissible reasons for denying a plaintiff leave to amend his complaint. *See De La Garza Gutierrez*, 741 F. App'x at 1000 (listing permissible reasons for denying leave and citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003), which in turn cites *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The magistrate judge cited none of *Foman*'s permissible reasons for denying leave to amend; instead, the magistrate judge cited only the fact that Plaintiffs had not filed a formal motion for leave to amend. ECF No. 33 at fn. 10. But a formal prejudgment motion for leave to amend is not required. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (indicating no formal prejudgment motion to amend is required); *De La Garza Gutierrez*, 741 F. App'x at 864 (holding plaintiff can seek leave to amend through appeal or through postjudgment motion).

It was error to enter judgment without permitting Plaintiffs at least one opportunity to amend their Complaint. Therefore, the Court should grant this motion to vacate or amend the judgment and grant Plaintiffs leave to file the proposed Amended Complaint, attached hereto as Exhibit A.

## IV.    Conclusion

For the reasons provided, Plaintiffs respectfully ask the Court to vacate or amend the judgment and grant Plaintiffs leave to file an Amended Complaint.

Respectfully submitted,

   /s/ S. Lee Merritt
S. Lee Merritt
State Bar No. PA 314891
MERRITT LAW FIRM, LLC
1910 Pacific Ave., Suite 8000
Dallas, TX. 75201
888-647-3041
214-593-1952 -fax
Lee@leemerrittesq.com

Benjamin L. Crump
BEN CRUMP LAW PLLC
122 S. Calhoun St.240
N Magnolia Drive
Tallahassee, FL 32301
850-224-2020
ben@bencrump.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERTRUM JEAN, et al., : | |
| : | |
| Plaintiffs, v. : | Civil Action No. 3:18-cv-2862 |
| THE CITY OF DALLAS, TEXAS, et al., : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion for Relief from Judgment and for Leave to File an Amended Complaint was filed via the Court's electronic filing system and thereby served upon all parties of record.

                                                By: /s/ S. LEE MERRITT

Date: January 20, 2020                         S. Lee Merritt