IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, individually and as the surviving father of Bothan Shem Jean, ALLISON A. JEAN, individually and as the surviving mother of Botham Shem Jean, and ALLISON E. FINDLEY as the Administrator of the Estate of Botham Shem Jean,<br>            Plaintiffs,<br><br>v.<br><br>THE CITY OF DALLAS, TEXAS, and AMBER GUYGER,<br>            Defendants. | §§§§§§§§§§§§§§§ | <br><br><br><br><br><br><br><br><br>Civil Action No. 3:18-CV-2862-M<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

# ORDER

Before the Court is *Amber Guyger's Motion for Appointment of Counsel and for a Protective Order with a Limited Appearance by Michael Mowla for this Motion Only*, filed February 27, 2021 (doc. 92). The defendant seeks appointment of counsel on grounds that she is indigent and incarcerated, and she seeks a protective order from discovery. Based on the relevant filings and applicable law, the motions are **DENIED.**

I.

"'[T[here is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel.'" *U.S. v. 16,540 in U.S. Currency*, 273 F.3d 1094, *1 (5th Cir. 2001) (per curiam) (quoting *Salmon v. Corpus Christi Indp't Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990)). Courts in this circuit consider four factors in determining whether a case presents "exceptional circumstances" that justify the appointment of counsel. *See Gonzales v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990) (citing *Ulmer v. Chancellor*,

---

[1] By *Standing Order of Reference* filed January 17, 2019, this case was referred for full case management. (*See* doc. 15.)

691 F.2d 209 (5th Cir. 1982)). These factors include:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 579.

The defendant has failed to show that counsel should be appointed at this stage of the proceedings. She has not shown that this civil rights action is complex, or any reason why she cannot adequately research, investigate or defend this case on her own. Civil rights cases of this type are routinely litigated in federal court by *pro se* incarcerated persons who have no legal training. At this time, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination, or whether the appointment of counsel will shorten trial or assist in a just determination. The deadlines in the scheduling order have all expired, and the parties have now been ordered to engage in informal settlement negotiations before a determination is made as to whether a U.S. Magistrate Judge will be appointed to conduct a settlement conference or mediation. *Pro se* litigants, including incarcerated persons, also routinely participate in settlement negotiations, settlement conferences and mediation without the assistance of counsel. The defendant also contends that she needs the assistance of counsel to protect her right against self-incrimination during discovery. As noted, however, all of the deadlines in the current scheduling order, including the deadline for discovery, have expired.

II.

The defendant has not shown exceptional circumstances at this stage, and her motion for the appointment of counsel is **DENIED** without prejudice. If the case proceeds to trial, the Court may on its own motion reconsider whether the circumstances warrant appointing counsel at that time. Her

motion for a protective order that prohibits discovery from her because her appeal is pending is also **DENIED**, but the denial is without prejudice to filing a new motion if discovery is later reopened.

    **SO ORDERED** on this 9th day of March, 2021.

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE