IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| BERTRUM JEAN, individually and as the surviving father of Botham Shem Jean, ALLISON A. JEAN, individually and as the surviving mother of Botham Shem Jean, and ALLISA E. FINDLEY as the Administrator of the Estate of Botham Shem Jean,<br>*Plaintiffs,*<br><br>v.<br><br>THE CITY OF DALLAS, TEXAS, and AMBER GUYGER,<br>*Defendants.* | § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br>Civil Action No. 3:18-CV-2862-M<br><br>(Lynn, C.J.) |

**PLAINTIFFS' MOTION TO REMOVE COUNSEL AND CONSOLIDATE DISCOVERY DEADLINES**

To the Honorable Court:

Plaintiffs, Bertram Jean, Allison Jean, and Allisa Findley as Administrator of the Estate of Botham Jean, file this motion to consolidate the discovery deadlines applying to Defendants Amber Guyger and the City of Dallas. In support of their motion, the Plaintiffs respectfully plead as follows:

**I.    Background**

Plaintiffs, formerly represented by Mr. Stacey Lee Merritt, Esq., filed their Complaint at Law on October 26, 2018, against Defendants Amber Guyger and the City of Dallas, under 42 U.S.C. § 1983 for violations of Botham Jean's Constitutional rights, with Mr. Merritt designated as lead counsel. ECF No. 1. Mr. Merritt was subsequently warned by this Court to strive to make contact with Defendant Guyger in an effort to

1

comply with this Court's orders and move this case forward. *See*, *e.g.*, ECF 94.

After a meeting with Mr. Merritt to discuss that status of this case, Plaintiffs sent a termination letter to Mr. Merritt on April 24, 2021. In July of 2021, Plaintiffs then retained Romanucci & Blandin, LLC to substitute for Mr. Merritt in the current case.

Pursuant to this Court's order of March 9, 2021 (ECF No. 94), Plaintiffs' counsel including Daryl K. Washington, Ben Crump, and Romanucci & Blandin, LLC have shown good faith efforts in their numerous attempts to contact Defendant Guyger regarding this case sufficient for this Court to order Plaintiffs and Defendant Guyger to participate in a Status Conference (ECF No. 103) and later a Settlement Conference (ECF No. 115) before Honorable Magistrate Judge Hal R. Ray, Jr. ECF No. 100.

On June 9 2021, Hon. Judge Ray, Jr. held a status conference for Plaintiffs and Defendant Guyger. On August 5, 2021, attorneys from Romanucci & Blandin, LLC were allowed to appear *pro hac vice* into this matter by this Honorable Court as additional counsel, and began assisting in handling the case at that time. *See*, ECF Nos. 106, 110-112.

On August 17, 2021, the Plaintiffs and Defendant Guyger participated in a settlement conference with Hon. Judge Ray, Jr. in an effort to comply with prior orders and local rules. Plaintiffs, joined by their counsel, and Defendant Guyger attended the settlement conference with Hon. Judge Ray, Jr. however a settlement was not reached. See ECF No. 103, 104, 116.

Plaintiffs have further attempted to contact Defendant Guyger in good faith by sending discovery requests and notices of deposition to Defendant Guyger by certified

2

mail so that she can meaningfully defend herself and her interests in this case. Despite these attempts, Defendant Guyger has refused to respond to Plaintiffs or participate in any way in the litigation of this case with Plaintiffs since August 2021. See ECF Nos. 92, 95, 103, 116. Plaintiffs sent Defendant Guyger written requests for discovery by certified mail on July 14, 2021 attached hereto as Exhibit A but did not receive any responses and/or objections.[1]

Since attorneys from Romanucci & Blandin were permitted to appear on this case, the attorneys for Plaintiffs and Defendant City of Dallas have supplemented initial disclosures, exchanged extensive written discovery, supplemented written discovery, and set aside numerous dates for depositions of employees controlled by the City during January and February, 2022. Plaintiffs and Defendant City of Dallas are currently working together to schedule depositions in this matter and will send Defendant Guyger notice of said depositions once the dates are set. To date, 5 depositions have gone forward, 2 subpoenas have gone out for uncontrolled witnesses to sit for their depositions, and Plaintiffs are working with the City of Dallas to set another 10 depositions.

On November 22, 2021, this Court entered a scheduling order pertaining to Plaintiffs and Defendant City of Dallas, extending time to complete discovery and pretrial procedures in this case. This new scheduling order continued the discovery cut-off to April 4, 2022 and set a mediation date of May 16, 2022. ECF No. 125.

---

[1] Plaintiffs have also resent copies, via certified mail of all pleadings and discovery alongside a copy of a draft of the subject motion in an attempt to confer in good faith with Defendant Guyger. See Exhibit A; See Certificate of Conference, *infra*.

Although Mr. Merritt filed a Withdraw of Appearance on Saturday, December 18, 2021 (ECF No. 130), this Court found that motion to be deficient and set a schedule by which a compliant motion was to be filed (ECF No. 131). To date, Mr. Merritt has failed to file a motion that complies with this Court's order or the local rules.

This Court currently has two different scheduling orders in place—one for Plaintiffs' claims against Defendant Amber Guyger (ECF No. 52) ("Guyger Scheduling Order") and one for Plaintiffs' claims against the City of Dallas (ECF No. 125) ("City of Dallas Scheduling Order"), stemming from the fact that Plaintiffs' claims against the City of Dallas in this case were dismissed and then reinstated (ECF Nos. 33, 40, 51, 75, 76).

The Fifth Court of Appeals of Texas, Dallas affirmed the trial court's judgment in Defendant Guyger's criminal appeal on November 17, 2021. See Exhibit B. Defendant Guyger filed a Petition for Discretionary Review to the Texas Court of Criminal Appeals on January 18, 2022. See Exhibit C. The State of Texas responded to Defendant Guyger's Petition on January 20, 2022.

Plaintiffs now request that this Court consolidate for purposes of discovery and pretrial matters the City of Dallas Scheduling Order (ECF No. 125) and the Guyger Scheduling Order (ECF No. 52), and allow Plaintiffs and their counsel to continue to diligently prosecute this case with Defendant Guyger as a meaningful participant.

II.     **Arguments and Authorities**

Plaintiffs and Defendant City of Dallas have engaged in extensive written discovery and are setting multiple depositions, working collaboratively to ensure

conservation of judicial resources after Romanucci & Blandin was substituted into the case for Mr. Merritt. However, Plaintiffs have been unable to engage Defendant Guyger to participate in this case since mid-2021, including defending her interests at depositions and in response to discovery requests. Plaintiffs have continued to try and contact Defendant Guyger and diligently move this case forward, but have been stymied in their efforts.

*Consolidation Under F.R.C.P. 42(a)(3)*

Federal Rule of Civil Procedure 42(a)(3) allows a Court to "issue any…orders to avoid unnecessary cost or delay." Here, proceeding down two different discovery, mediation, and pretrial tracks will continue to create unnecessary cost and delays before this court, as the common questions of law or fact between Plaintiffs' claims against Defendant Guyger directly affect Plaintiffs' claims against Defendant City of Dallas, in particular because those claims against Defendant City of Dallas arise under *Monell v. Dept. of Soc. Svcs*. 436 U.S. 658 (1978). "If actions involve common questions of law or fact, a court may consolidate the actions or conduct joint hearings or trials on any matters involved in those actions." *Silva v. Allstate Texas Lloyd's*, 2017 WL 5186237, *3 (W.D. Tex. Feb. 28, 2017) (citing Fed. R. Civ. P 42(a) and *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)).

When making a determination regarding consolidation, courts look to numerous factors, including whether there are common questions of law or fact, whether there is a risk of prejudice or confusion from consolidation, and whether consolidation is in the interest of judicial economy and conserving resources. *Id.* Here, the common questions

of law or fact are overwhelming, as whether Defendant Guyger's actions when she shot and killed Botham Jean violated Mr. Jean's constitutional rights is a foundational element for any *Monell* claim against Defendant City of Dallas; the claims arise against both Defendants from the same event—the shooting of Mr. Jean inside his home. There is no risk of prejudice or confusion from consolidation, as Defendant Guyger has not participated in this lawsuit in any meaningful way for nearly a year, has not answered Plaintiffs' Second Amended Complaint (ECF No. 122, has not responded to discovery questions, has not herself propounded discovery questions or initial disclosures, and will likely seek similar discovery and depositions as Defendant City of Dallas. Because of the common questions of law and fact, and because the discovery (particularly depositions) likely to be sought by Defendant Guyger will likely be duplicative of that sought by Defendant City of Dallas, it is in the interest of judicial economy and conserving judicial resources to consolidate the Guyger Scheduling Order with the City of Dallas Scheduling Order for pretrial purposes.

*Modification of a Scheduling Order Under F.R.C.P. 16(b)(4)*

Under Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified when good cause has been shown and with the judge's consent. Courts look to four factors "when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogelman*, 607 F.3d 161, 167 (5th Cir 2010)) (cleaned up). "Courts consider these 'factors holistically' and do not simply count the factors on each side of the scale." *Biziko v. Van Horne*, Case No. 1:16-cv-0111-BL, 2018 WL 10373343, *4 (N.D. Tex. Sept. 24, 2018) (quoting

*Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*, No. 3:12-cv-0548-D, 2014 WL 80722, *2 (N.D. Tex. Jan. 9, 2014)). "The focus of Rule 16(b)'s good cause standard is the diligence of the party seeking to modify the scheduling order." *MacNeill v. Texas Health Harris Methodist Hosp. Ft. Worth*, Case No. 4:14-cv-242-O, 2015 WL 13450819, *2 (N.D. Tex. May 5, 2015).

Plaintiffs' counsel have worked diligently in this case since Romanucci & Blandin, LLC joined in the representation in July 2021 after Plaintiffs fired Mr. Merritt for lack of prosecution on this case; this diligence includes several attempts to contact Defendant Guyger via certified mail about various aspects of this case, such as a settlement offer, notice of the settlement conference held on August 17, 2021 with Hon. Hal R. Ray, Jr., the second amended complaint filed in November 2021 (ECF No. 122) which Defendant Guyger has not answered, and depositions of individuals at Dallas Police Department which have already been held. Defendant Guyger has made no response to any of Plaintiffs' outreach. Plaintiffs' counsel is unaware if Defendant Guyger has been any more responsive to Defendant City of Dallas' outreach, if there has been any.

Defendant City of Dallas would not be prejudiced by Plaintiffs' ability to conduct discovery with Defendant Guyger, nor would it be prejudiced by adhering to the same scheduling order that this Court already has in place. Given the extensive discovery production and disclosures made by both Plaintiffs and Defendant City of Dallas to present, as well as the significant overlap in questions of law and fact between Defendant City of Dallas and Defendant Guyger, consolidating the Guyger Scheduling Order with the City of Dallas Scheduling Order would not be unduly burdensome or overly prejudicial to any of the parties. Further, Defendant Guyger's appeal of her criminal case appears to have recently ended. Plaintiffs, on the other hand, would be extremely prejudiced if they were not allowed to participate in any discovery at all with Defendant Guyger or to make any designations of

7

experts, if needed, as a result of Mr. Merritt's disregard for this Court's Guyger Scheduling Order prior to trial[2], especially in light of Defendant Guyger's continued disregard for this Court's Orders and the Federal Rules of Civil Procedure.

This modification to the Guyger Scheduling Order is important because it allows *all* parties to prosecute or defend their claims with a complete compilation of discoverable information at trial. The modification of the Guyger Scheduling Order to adhere to the City of Dallas Scheduling Order would not further delay trial, nor would it unnecessarily delay pretrial deadlines. Importantly, allowing consolidation of the Guyger Scheduling Order and the City of Dallas Scheduling Order would remedy the prejudice to Plaintiffs by being unable to engage Defendant Guyger in this litigation in any meaningful way. The balance of the good cause factors therefore weighs in favor of consolidation of the Guyger and City of Dallas Standing Orders for discovery and pretrial purposes.

### III.     Prayer

Wherefore, for the foregoing reasons, Plaintiffs respectfully request that this Court remove Mr. Stacey Lee Merritt from the docket as Plaintiffs' counsel and consolidate the Guyger Scheduling Order, ECF No. 52, with the City of Dallas Scheduling Order, ECF No. 125 for all discovery and pretrial purposes. Plaintiffs further request such other relief to which they may be justly and equitably entitled.

                              Respectfully submitted,

                              By:/s/ *Bhavani Raveendran*

                              Daryl K. Washington, Esq. State Bar

---

[2] For clarification, Mr. Merritt filed a notice with the Court advising that he would be the lead attorney (ECF 37)

No. 24013714 WASHINGTON LAW
FIRM, PLLC
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214-880-4883
Fax: 214-751-6685
dwashington@dwashlawfirm.com

Antonio M. Romanucci *(pro hac vice)*

(IL Bar No. 6190290)
Bhavani Raveendran *(pro hac vice)*
(IL Bar No. 6309968)
Ian P. Fallon *(pro hac vice)*
(Illinois Bar No. 6332303)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
braveendran@rblaw.net
ifallon@rblaw.net

Benjamin L. Crump, Esq.
BEN CRUMP LAW PLLC
122 s. Calhoun St. 240 N Magnolia Drive
Tallahassee, FL 32301
850-224-2020
ben@bencrump.com
***ATTORNEYS FOR PLAINTIFFS***

## Certificate of Conference

I hereby certify that on February 7, 2022, I conferred via phone with J. Cheves Ligon, counsel for Defendant City of Dallas, about the relief requested in the foregoing motion. On February 8, 2022, I sent a draft of the subject motion to counsel for the City of Dallas. In a response via email Mr. Ligon advised that the Defendant City of Dallas has an objection for the following reasons: the City does not believe combining the lapsed discovery period from Defendant Guyger's case with the ongoing discovery period for the Plaintiffs and the City is justified.  The City believes doing so would be unfairly prejudicial to both Defendants.

On February 8, 2022 a copy of the draft subject motion was sent to Amber Guyger with a stamped return envelope requesting her position at the following address:

> Amber Guyger
> #02283505
> TDCJ Mountain View Unit Law Library
> 2305 Ransom Road
> Gatesville, TX 76528-2962

On February 17, 2022, after this Honorable Court assigned counsel to Ms. Gugyer, the draft subject motion was sent to Ms. Guyger's appointed Counsel via email who advised on February 18, 2022 that he would be withdrawing and said order was granted thereafter.

*/s/ Bhavani Raveendran*
Bhavani Raveendran

## Certificate of Service

I hereby certify that on February 18, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

J. Cheves Ligon
Senior Assistant City Attorney Dallas City Attorneys' Office
john.ligon@dallascityhall.com
1500 Marilla Street, 7DN
Dallas, Texas 75201
*Attorney for Defendant City of Dallas*

On February 18, 2022 a copy of the file-stamped subject motion was mailed via First Class mail to Amber Guyger at the following address:

Amber Guyger
#02283505
TDCJ Mountain View Unit Law Library
2305 Ransom Road
Gatesville, TX 76528-2962

*/s/ Bhavani Raveendran*
**Bhavani Raveendran**