# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BERTRUM JEAN, Individually and as** | § | |
| **the surviving father of BOTHAM** | § | |
| **SHEM JEAN, ALLISON A. JEAN,** | § | |
| **Individually and as the § surviving** | § | |
| **mother of BOTHAM SHEM JEAN, and** | § | |
| **ALLISA E. FINDLEY as the** | § | |
| **Administrator of the Estate of** | § | **CIVIL ACTION NO.** |
| **BOTHAM SHEM JEAN,** | § | |
| **Plaintiffs,** | § | **3:18-CV-2862-M** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **AMBER GUYGER,** | § | |
| **Defendant.** | § | |

## PLAINTIFFS' AMENDED PROPOSED JURY INSTRUCTIONS

## 1.1    Instructions for Beginning of Trial[1]

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, TikTok, or Twitter/X, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

---

[1] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 1.1, p. 1. (*modified)*

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

### 1.2    Preliminary Instructions to Jury[2]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, Tiktok, or Twitter/X, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you

---

[2] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 1.2, p. 4 (*modified*).

may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for the Plaintiffs will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statement is not evidence.

After the opening statement, the plaintiffs will present their case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present her case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers for Plaintiffs will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 2.1    First Recess[3]

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[3] Fifth Circuit Civil Pattern Jury Instructions (2020), § 2.1, p. 8.

**2.13 Deposition Testimony[4]**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you today. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[4] Fifth Circuit Civil Pattern Jury Instructions (2020), § 2.13, p. 20.

### 3.1    Jury Charge[5]

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based

---

[5] Fifth Circuit Civil Pattern Jury Instructions (2020), § 3.1, p. 28.

entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**3.2    Burden of Proof: Preponderance of The Evidence[6]**

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claims by a preponderance of the evidence, then they may not recover on that claim.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[6] Fifth Circuit Civil Pattern Jury Instructions (2020), § 3.2, p. 30.

### 3.3    Evidence[7]

The evidence you are to consider consists of the testimony of the witnesses, the documents, and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[7] Fifth Circuit Civil Pattern Jury Instructions (2020), § 3.3, p. 31.

### 3.4    Witnesses[8]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if, after considering all of the other evidence, you believe that witness.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[8] Fifth Circuit Civil Pattern Jury Instructions (2020), § 3.4, p. 32.

**3.5    Expert Witnesses[9]**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[9] Fifth Circuit Civil Pattern Jury Instructions (2020), § 3.5, p. 33.

### 3.7    Duty to Deliberate; Notes[10]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the

---

[10] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 3.7, p. 35.

attorneys, I will  respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**10.1 42 U.S.C. Section 1983 (Unlawful Seizure – Unlawful Search – Excessive Force)[11]**

Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, claim that Defendant Amber Guyger violated the following constitutional right of decedent, Botham Jean: the constitutional protection from the use of excessive force during an arrest.

To recover damages for this alleged constitutional violation, Plaintiffs must prove by a preponderance of the evidence that:

1. Defendant Amber Guyger committed an act that violated the constitutional right Plaintiffs claim was violated; and

2. Defendant Amber Guyger's acts were the cause of Plaintiffs' damages.

Plaintiffs claim Defendant Amber Guyger violated the Fourth Amendment by using excessive force in seizing Botham Jean on September 6, 2018. The Constitution prohibits the use of unreasonable or excessive force while making a seizure or arrest, even when the arrest is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Plaintiffs must prove the following by a preponderance of the evidence:

1. an injury;

2. that the injury resulted directly from the use of force that was excessive to the need; and,

3. that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Botham Jean's right to be protected from excessive force against the government's right to use some degree of physical

---

[11] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 10.2, p. 82.

coercion or threat of coercion to make an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Botham Jean posed an immediate threat of serious harm to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

If you find that Plaintiffs have proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Amber Guyger violated Botham Jean's Fourth Amendment protection from excessive force and your verdict will be for Plaintiffs on this claim.

If Plaintiffs failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Amber Guyger on the excessive-force claim.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 10.2 Under Color of Law [12]

"Under color" of state law means under the pretense of law. An officer's acts while performing her official duties are done "under color" of state law whether those acts are in line with her authority or overstep such authority. An officer acts "under color" of state law even if she misuses the power she possesses by virtue of a state law or because she is clothed with the authority of state law. An officer's acts that are done in pursuit of purely personal objectives without using or misusing her authority granted by the state are not acts done "under color" of state law.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[12] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 10.2, p. 92.

**15.1 Consider Damages Only if Necessary[13]**

If Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, have proved their claim against Defendant Amber Guyger by a preponderance of the evidence, you must determine the damages to which Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendant Amber Guyger is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Amber Guyger is liable and that Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, are entitled to recover money from Defendant Amber Guyger.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[13] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 15.1, p. 340.

**15.2 Compensatory Damages** [14]

If you find that Defendant Amber Guyger is liable to Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, whole—that is, to compensate Plaintiffs for the damage that they have suffered.

Compensatory damages are not limited to expenses that Plaintiffs Allison Jean, Bertrum Jean, and the Estate of Botham Shem Jean, may have incurred because of their injury.

If Plaintiffs Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, Allison Jean, and Bertrum Jean win, they are entitled to compensatory damages for the physical injury, pain and suffering, loss of earning capacity, and mental anguish that they suffered because of Defendant Amber Guyger's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, prove were proximately caused by Defendant Amber Guyger's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean's, damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs Allison Jean, Bertrum Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, have actually suffered or that Plaintiffs Allison Jean, Bertrum

---

[14] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 15.2, p. 341.

Jean, and Allisa Findley, as the Administrator of the Estate of Botham Shem Jean, are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

- Botham Jean's conscious physical pain and suffering;

- Botham Jean's conscious mental and emotional pain and suffering;

- Botham Jean's loss of earnings and earning capacity;

- Botham Jean's loss of capacity to enjoy life;

- Loss of companionship and society sustained in the past and Future Loss of companionship and society that, in reasonable probability, will be sustained in the future by Allison Jean and Bertrum Jean[15].

- Pecuniary Losses sustained in the past and Future pecuniary losses, that in reasonable probability, will be sustained in the future by Allison Jean and Bertrum Jean[16].

---

[15] Adapted from Texas Pattern Jury Charge 29.6 (2019).
[16] Adapted from Texas Pattern Jury Charge 29.6 (2019).

- Mental anguish sustained and future mental anguish that, in reasonable probability, will be sustained in the future by Allison Jean and Bertrum Jean[17].


_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[17] Adapted from Texas Pattern Jury Charge 29.6 (2019).

**15.3    Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life** [18]

You may award damages for any bodily injury that Botham Jean sustained and any conscious pain and suffering, mental anguish, and loss of capacity for enjoyment of life that Botham Jean experienced in the past as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiffs for the damages suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[18] Adapted from Fifth Circuit Civil Pattern Jury Instructions (2020), § 15.3, p. 343, *modified.*

**Mental Anguish[19]**

"Mental anguish" means the emotional pain, torment, and suffering experienced by Allison Jean, Bertrum Jean, and Botham Jean.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[19] Adapted from Texas Pattern Jury Charge 29.6 (2019).

**Pecuniary Loss[20]**

"Pecuniary Loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Bertrum Jean and Allison Jean, in reasonable probability, would have received from Botham Jean, had he lived.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[20] Adapted from Texas Pattern Jury Charge 29.6 (2019).

**Loss of Companionship and Society**[21]

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Allison Jean and Bertrum Jean, in reasonable probability, would have received from Botham Jean had he lived.

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

---

[21] Adapted from Texas Pattern Jury Charge 29.6, p. 364 (2019).

Respectfully submitted,

Daryl K. Washington, Esq. State Bar
No. 24013714
WASHINGTON LAW FIRM, PLLC
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
dwashington@dwashlawfirm.com

Bhavani Raveendran *(pro hac vice)* (IL Bar No.
6309968)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
b.raveendran@rblaw.net

Brooke Cluse
Gabrielle Higgins (*pro hac vice*
pending)
BEN CRUMP LAW PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034
brooke@bencrump.com
gabrielle@bencrump.com

***ATTORNEYS FOR PLAINTIFFS***

### Certificate of Service

I hereby certify that on November 14, 2024, a copy of the foregoing document was mailed via mail to Defendant Amber Guyger at the following address:

Amber Guyger, Pro Se Defendant
#02283505
TDCJ Patrick O'Daniel Unit
Unit Law Library
2305 Ransom Road
Gatesville, TX 76528-2962

*/s/ Bhavani Raveendran*
Bhavani Raveendran